[No. 1146.  Decided January 24, 1894.]

HYMAN HARRIS, *Respondent*, v. LEROY BROOKER, *Appellant.*

PROHIBITION — WHEN LIES — AGAINST JURISDICTION OF COURT.

Prohibition will not lie unless it appears from the petition therefor that there is some threatened injury for which the petitioner has no other adequate remedy.

. Objection to the jurisdiction of a court must be first raised in the court itself before it can be subjected to a writ of prohibition on the ground of want of jurisdiction.

*Appeal from Superior Court, Yakima County.*

*Mackinnon & Murane*, for appellant.

The opinion of the court was delivered by

DUNBAR, C. J.—The application for a writ of prohibition which was issued by the superior court of Yakima county against the appellant in this case is as follows:

"Hyman Harris, of North Yakima, in the county of Yakima, being first duly sworn, says: That he is the defendant in a suit now pending in the justice court of Leroy Brooker, one of the justices of the peace in and for Yakima county, State of Washington, in which Cole Brown and P. L. Zirkle are plaintiffs; and that he makes this affidavit for the purpose of procuring a writ of prohibition to be issued out of this court to the said Leroy Brooker, Cole Brown and P. L. Zirkle, to prohibit them and each of them from taking any proceedings in said case, under notice given by Leroy Brooker, justice as aforesaid, on the 8th day of July, 1893, to appear at the Wide Hollow school house on Saturday, July 15, 1893, to hear said case.

"Affiant further says that on June 9th, 1893, said action was begun before J. O. Clark, a justice of the peace residing at North Yakima, and that on the 17th day of June, the date set for the hearing of said case, defendant appeared and answered, and filed his motion for change of

venue; that said case was accordingly transferred to the justice court of S. C. Henton, one of the justices of the peace for Yakima county, residing at North Yakima; that on or about the first day of July, 1893, the plaintiffs by their attorney filed a motion for a change of venue, and that the case was accordingly transferred to the justice court of Leroy Brooker, before whom it is now pending. Wherefore he prays,'' etc.

It is not necessary for the purposes of this case to determine the question whether Justice of the Peace Brooker had jurisdiction of the case, or whether the appellant had a remedy by appeal, for in our judgment the facts set forth in the petition are not sufficient to warrant the issue of the writ.    It is nowhere alleged in the petition what action the court was about to take in the premises, or if the court was threatening to take any action whatever that the petitioner would be injured thereby.   A writ of prohibition will not issue unless it appears that there is some threatened injury for which the petitioner has no other adequate remedy.    There is nothing to show in this petition that the respondent did not consent to the removal of the case to the court of Justice Brooker, or that he at any time objected to the jurisdiction of Brooker's court.    That objection to the jurisdiction must be raised in the court to which the writ is sought to be addressed, was decided by this court in *State, ex rel. Nooksack Boom Co., v. Superior Court*, 2 Wash. 9 (25 Pac. 1007), which followed the rule laid down by the supreme court of the United States in *Smith v. Whitney*, 116 U. S. 167 (6 Sup. Ct. 570).    And the return of the judge to the alternative writ shows the justice of this rule, and the injustice of allowing a court to be subjected to this writ, and to the costs following it, before it has had an opportunity to pass upon the question of jurisdiction which is assailed.    The return is as follows:

''The justice court of Leroy Brooker, in and for Wide Hollow precinct, Yakima county, Washington, to whom

is directed the writ of prohibition hereto annexed, for answer to said writ do certify and return: Said court had taken no steps in said case except notifying the said parties to appear; said court not being advised on the point of his jurisdiction was of opinion that he had no jurisdiction, and had a motion been made to dismiss said action, said court would have dismissed said action, unless good authority had been produced to change the views of said court. Said Hyman Harris, nor any person for said Harris, has never appeared in the court of Leroy Brooker."

It seems to us that it is requiring very little of the petitioner to demand that he should at least bring the point of jurisdiction to the notice of the court before he asks a superior tribunal to prohibit it from exercising such jurisdiction.

The judgment of the lower court is reversed, and the cause remanded with instructions to deny the writ.

SCOTT, ANDERS, HOYT and STILES, JJ., concur.