[No. 2012. Decided December 11, 1895.]

THE STATE OF WASHINGTON, *on the Relation of* GUST. GUNDERSON, v. SUPERIOR COURT OF KING COUNTY *et al.*

PROHIBITION, WRIT OF — WHEN LIES — TO COURTS — TO PRIVATE PERSONS.

Prohibition issues only in cases of extreme necessity and when there is a clear case of want of jurisdiction in the court whose action it is sought to prohibit, and should never be granted until the aggrieved party has applied in vain to the inferior tribunal for relief.

Prohibition will not lie to prevent a private person from acting under a judgment or invoking legal proceedings.

*Original Application for Prohibition.*

*Williamson & Franklin*, for relator.
*James Hamilton Lewis*, for respondents.

The opinion of the court was delivered by

GORDON, J.—This is an original application for a writ of prohibition directed to the superior court for the county of King and to the judges thereof, and also to William Cochrane, prohibiting and restraining the said court and its judges and the said Cochrane from proceeding with or permitting any proceedings interfering with certain judgments recovered by the relator herein against the said Cochrane.

From the affidavit in support of the application it appears that the relator recovered a money judgment against the said Cochrane, in the superior court of said county, from which judgment said Cochrane appealed to this court, and said appeal was thereafter dismissed. Subsequently said Cochrane brought an action in said superior court for the purpose of restraining and enjoining the enforcement of said judgment. From an adverse decision in the court below he brought the case to this court upon appeal, which appeal was also dismissed and the judgment of the lower court affirmed. Thereafter said Cochrane instituted another proceeding in the superior court of said King county for the purpose of restraining the relator from enforcing his said judgment and the sheriff of said county from levying any execution and perpetually enjoining them from interfering with the property of the plaintiff, etc. To the complaint in this last named action the relator interposed a demurrer, which the lower court sustained, and from said order and judgment thereupon it also appears that the said Cochrane has given notice of appeal to this court.

We deem it unwise to enter upon a discussion of the merits of the various proceedings upon the part of the said Cochrane, for the purpose of defeating the

judgment at law recovered against him, as they are not involved in the present proceeding. Regardless thereof, we are satisfied that the present application cannot be sustained. Prohibition being an extraordinary remedial process issues only in cases of extreme necessity, and should never be granted until the aggrieved party has applied in vain to the inferior tribunal for relief, and "it does not lie for grievances which may be redressed, in the ordinary course of judicial proceedings, by appeal. . ... . Nor should it be granted except in a clear case of want of jurisdiction in the court whose action it is sought to prohibit." High, Ex. Leg. Rem. (2d ed.), § 765.

It differs from an injunction against proceedings at law in this, that an injunction in such case is directed only against the parties litigant and does not interfere with the court, " while a prohibition is directed to the court itself, commanding it to cease from the exercise of a jurisdiction to which it has no legal claim." *Id.* § 763. And prohibition does not lie to set aside judicial acts already done. *Hull v. Superior Court*, 63 Cal. 179.

As already noticed, the superior court of King county has sustained the relator's demurrer to the proceeding instituted by Cochrane in that court. The court has already acted and its action was invoked by the relator tendering a demurrer to the complaint in this action. It seems plain that the court has assumed no jurisdiction not conferred by law.

As to the respondent Cochrane, it is equally clear that prohibition will not lie to prevent a private person from acting. Its office is to restrain subordinate courts and inferior judicial tribunals from exceeding their jurisdiction. It is a remedy for the encroachment of jurisdiction. *Camron v. Kenfield*, 57 Cal. 550.

We think that the relator has mistaken his remedy, and the writ will be denied.

HOYT, C. J., and ANDERS, DUNBAR and SCOTT, JJ., concur.