[No. 2117.  Decided January 21, 1896.]

M. L. CLIFFORD v. EMMETT N. PARKER, *Judge of the Superior Court, et al.*

PROHIBITION, WRIT OF — WHEN LIES.

A writ of prohibition will not issue to restrain the superior court and county officers from summoning and empaneling a jury for the trial of criminal causes, although the county is beyond its constitutional limit of indebtedness, and the expenses of such jury would still further increase its illegal indebtedness

*Original Application for Prohibition.*

Application by M. L. Clifford, a citizen and resident taxpayer of the County of Pierce, State of Washington, for a writ of prohibition to restrain the superior court, and the clerk, auditor and sheriff of said county from calling, summoning and drawing said jury pursuant to an order of said court directing the calling and drawing a jury on the 9th day of January, 1896. The ground of objection of petitioner to such proceeding was the fact that an illegal debt would thereby be incurred on the part of said county by reason of the fact that said county was at that time already far in

excess of the legal indebtedness which it was authorized to incur without a three-fifths vote of the qualified electors voting at an election called for the purpose of authorizing indebtedness in excess of the limit of one and one-half per cent. of the taxable property thereof.

*Claypool, Cushman & Cushman,* for petitioner.
*Coiner & Shackleford,* for respondents.

The opinion of the court was delivered by

Hoyt, C. J.—The writ of prohibition prayed for in this application could be properly granted only by the announcement of a rule which, if followed to its logical conclusion, would result in tying the hands of many of the superior courts so that it would be impossible for them to do any business whatever, and it might also result in depriving many of the municipalities in the state of the power to do any official act. Such being the results which might flow from the granting of the peremptory writ, it should not be granted unless the jurisdiction of this court is clearly made to appear, and the law applicable to the case upon the merits is beyond reasonable question.

The evil to be prevented is so small compared with the results which might follow such prevention, that the court should refuse to act until satisfied that the petitioner is entitled to the relief prayed for. The granting of writs of this kind rests in the sound discretion of the court, and while it is its duty to interfere in a proper case, it is not its duty so to do when either its own jurisdiction or the fact that the inferior court is proceeding without authority is not made to appear beyond reasonable doubt.

In our opinion they are not thus made to appear in the case at bar. Hence the motion of the respondents

to quash the writ and dismiss the proceeding must be granted. It is not made clearly to appear that the superior court is about to do anything which this court has the right to prohibit. The order for summoning the jury has already been made, and it does not appear that the superior court or the judge thereof is threatening to do any other act connected with the summoning of the jury, or that it is necessary that he should make any further order in connection therewith. This being so, the case, so far as the court or judge is concerned, falls within the rule announced by this court in *State, ex rel. Boom Co., v. Superior Court*, 2 Wash. 9 (25 Pac. 1007), and *Harbor Line Commissioners v. State, ex rel. Yesler*, 2 Wash. 530 (27 Pac. 550).

None of the other defendants are state officers, and it is at least open to serious question whether this court has any original jurisdiction to grant any relief against them. Beside, that which it is alleged that each of them is about to do is purely ministerial, and for that reason it is at least doubtful whether the writ of prohibition is the proper remedy to prevent the performance of the threatened acts.

The peremptory writ will be denied and the proceeding dismissed.

DUNBAR, SCOTT, ANDERS and GORDON, JJ., concur.