[No. 19958. Department One. June 10, 1926.]

THE STATE OF WASHINGTON, *on the Relation of Mc-Pherson Brothers Company, Plaintiff*, v. THE SUPERIOR COURT FOR DOUGLAS COUNTY, *Respondent*.[1]

[1] PROHIBITION (28)—GROUND FOR RELIEF—INEFFECTUAL REMEDY. A writ of prohibition will not be granted to restrain a court from acting in a cause, where, before notice of application of the writ, the court had already entered judgment therein.

[2] SAME (33)—PRESENTATION OF OBJECTION IN ORIGINAL PROCEEDING. Prohibition will not issue to restrain a trial court from proceeding with a cause until the court has been first applied to and its jurisdiction challenged below.

Application filed in the supreme court April 21, 1926, for a writ of prohibition to prevent the superior court for Douglas county, Jeffers, J., from proceeding with a cause. Denied.

*Peter McPherson*, for relator.

*Sam R. Sumner, Hartman & Hartman*, for respondent.

ASKREN, J.—On April 21, 1926, the Okanogan-Douglas Inter-County Bridge Company, hereinafter called the bridge company, filed a petition in the superior court of Douglas county for the purpose of condemning a right-of-way across the shorelands of the Columbia river, to the end that the same might be used in constructing and maintaining a bridge across the river, between Douglas and Okanogan counties. The petition alleged that the owner of the land was the state of Washington, and that no other persons were interested therein. It prayed for a hearing, for the purpose of determining the public use and to determine the com-

¹Reported in 247 Pac. 3.

pensation to be awarded the state of Washington. A stipulation was filed at the same time, which had been signed on the 8th day of April, by the attorneys for the petitioner and the land commissioner and the *Attorney General* for the state of Washington. It provided that the state of Washington waived all requirements of notice as to time and place of hearing on the petition, and agreed that the cause might be heard on April 21, 1926, or at such time thereafter as should suit the convenience of the court. Thereafter, on the 21st day of April, 1926, pursuant to such stipulation, the court made an order of necessity and public use, and determined the amount due the state of Washington. Its judgment was thereupon filed, appropriating and setting over to the bridge company

". . . a right-of-way across the shore lands of the Columbia river lying between the meander line on the Okanogan county side and the high water line on the Douglas county side of the river, . . . but covering and embracing the part thereof only located, lying and being in the county of Douglas."

On the same day, an application was filed in this court for a writ of prohibition to restrain the superior court of Douglas county from acting under the petition filed by the bridge company to condemn the property in question. The petition sets forth that relator is the owner of certain lands abutting the uplands of the Columbia river in Douglas county, and that, in March, 1926, it applied to the state land commissioner of the state of Washington to purchase the shore lands on the Columbia river adjacent to such abutting uplands, under the preference right of purchase given by the laws of the state of Washington; that the application was complete in all details on the 22d day of March, 1926; that the condemnation proceedings in question, which had been started by the bridge company, include

a portion of relator's land; and, also, that relator has a franchise interest in the property sought to be taken; that no process, or notice of any kind, was ever issued or served in the condemnation proceedings on the relator, or against its property; that relator, for thirty years continuously last past, has owned, and now owns and operates, a public ferry at the point in question, under a franchise granted and authorized under the laws of the state of Washington, and that relator has' had open and undisputed control of the shore lands for said ferry purposes, and that there is necessity for its operation; that it has made improvements thereon amounting to several thousand dollars. It was further alleged in the petition that the bridge company had no franchise from the state of Washington, or permit from the Congress of the United States, to construct a bridge across the river at the point in question. The petition further alleged that the condemnation proceedings were noted for hearing on the 21st day of April, 1926, at the hour of 10 o'clock a. m., and asked that the trial court be restrained from further hearing on the matter. Thereupon an alternative writ of prohibition was issued from this court, restraining the trial court from making any order in the condemnation action or proceeding further therein, until the further order of this court.

From the return of the superior court of Douglas county, it appears that, at the time telephone notification was given the superior court of the issuance of the alternative writ of prohibition, the court had already signed its judgment in the cause, and it had been filed with the clerk of the court.

[1] It is plain, from the foregoing statement of facts, that the writ of prohibition must be denied. At the time the superior court received notification of the

issuance of the writ, its action as to signing and filing its judgment and order of necessity were complete. Prohibition will not issue to restrain or prohibit the court from doing an act already performed. *State ex rel. Gunderson v. Superior Court,* 13 Wash. 226, 43 Pac. 43; *Clifford v. Parker,* 13 Wash. 518, 43 Pac. 717; *Quareles v. Seattle,* 26 Wash. 226, 66 Pac. 389, and *State ex rel. Brown v. Brown,* 31 Wash. 397, 72 Pac. 86, 62 L. R. A. 974.

[2] There is another valid reason why the writ should not issue. No application has been made to the trial court challenging its jurisdiction. The trial court must first be applied to, in order to present the question to this court. *State ex rel. Nooksack River Boom Co. v. Superior Court,* 2 Wash. 9, 25 Pac. 1007; *State ex rel. Rochford v. Superior Court,* 4 Wash. 30, 29 Pac. 764; *Harris v. Brooker,* 8 Wash. 138, 35 Pac. 599.

There are not facts here to bring this case within the exception to the rule stated in *State ex rel. Skaggs v. Smith,* 116 Wash. 572, 200 Pac. 92, where we allowed application to this court direct.

It should, also, be borne in mind that the judgment in this case does not affect the rights of relator. The action in the condemnation case was brought against the state of Washington. If it be a fact that the land condemned is land in which relator has an interest, or is in possession, then its rights can not be affected by that proceeding. The denial of the writ of prohibition herein is not to be construed as in any way barring relator from any action it may desire to take to establish its rights in connection with the land in controversy.

The alternative writ is quashed and the peremptory writ denied.

TOLMAN, C. J., and HOLCOMB, J., concur.

FULLERTON, J. (concurring)—In my opinion, the relator's rights are in no way affected by the order of condemnation entered by the trial court. For this reason, I concur in the result reached by the majority.

BRIDGES, J., concurs with FULLERTON, J.