[No. 22596.   Department Two.   July 22, 1930.]

THE STATE OF WASHINGTON, *on the Relation of Chris-
tian A. Nitsche et al., Plaintiff,* v. TINA BROWN
*et al., Respondents.*[1]

*J. Kalina,* for relator.

*C. A. Holtz,* for respondents.

MAIN, J.—This is an application for a writ of prohi-
bition.   E. E. Brown and wife began an action of forc-
ible entry and detainer in the superior court of King
county against Christian A. Nitsche and wife.   After
the issues were framed, the cause came on for trial be-
fore the court without a jury.   At the conclusion of the
evidence of the plaintiffs, the defendants challenged
the sufficiency thereof and asked for judgment, and the
trial court announced that the position of the defend-
ants would be sustained.   Thereafter the plaintiffs

[1]Reported in 290 Pac. 328.

made a motion for new trial. April 29, 1930, the motion for new trial was overruled.

Findings of fact, conclusions of law and judgment were signed, but they were not on this day filed, as required by the rules of the superior court. May 13, 1930, the plaintiffs in the action moved for an order holding in abeyance entry of the findings of fact, conclusions of law and judgment which had previously been signed, but not filed. This motion was supported by an affidavit. After the motion and affidavit had been served and filed, the defendants filed the findings of fact, conclusions of law and judgment which had been previously signed. May 20, 1930, an order was entered vacating the findings, conclusions and judgment which had been previously signed, because of irregularity, and because the judgment was not the judgment that the trial court intended to enter. After this order was entered, and on May 29, 1930, on application of the defendants, an alternative writ of prohibition was issued out of this court.

The question is whether a writ of prohibition should issue. It is first said that, after the motion for new trial had been denied and final judgment entered, the court had no jurisdiction to vacate the findings, conclusions of law and judgment. In the return to the alternative writ, the trial judge stated that the order of vacation was entered because of irregularity, and because the judgment was not the judgment which the court intended to enter. Little need be said upon this question, because, as appears from the facts above stated, the order vacating the findings, conclusions and judgment had been entered and filed prior to the time that the application was here made for the writ. Since the order had already been entered, a writ of prohibition should not be issued to prevent the trial court from doing something that had already been done.

Had an application been made for the writ prior to the time that the order of vacation was entered, seeking to prevent the trial court from entering the order, a different question would be presented, upon which we here express no opinion.

■ It is next said that the writ should issue because the trial court, in the vacating order, set the case for hearing, and was proposing to hear a matter in the forcible entry and detainer proceeding which it had no jurisdiction to hear in that proceeding. A writ of prohibition will not issue unless the court is acting "without or in excess of" its jurisdiction. *State ex rel. Meyer v. Clifford,* 78 Wash. 555, 139 Pac. 650; *State ex rel. Potter v. Superior Court,* 135 Wash. 344, 237 Pac. 717. Whether the court is proposing to do something without or in excess of its jurisdiction in this case, must be determined, not from the motion and affidavit that were filed in support thereof, but from the order entered and the return of the court to the alternative writ. The order recites that the cause is set for Monday, June 2, 1930, at the hour of 9:30 o'clock a. m.,

". . . at which time the parties and their respective attorneys are directed to be and appear before the undersigned judge of said court for such steps and proceedings as may be had under the law in such cases made and provided."

In the return to the alternative writ, the trial court states that, since the

". . . findings, conclusions and judgment signed April 29, 1930, and withheld from filing, were irregularly entered, and that the same did not express the true decision of the court, the motion of the said plaintiffs was granted and an order duly signed by this respondent vacating the findings, conclusions and judgment, which order was signed and duly entered by this respondent on the 20th day of May, A. D. 1930, by reason of the irregularity in the entry of the former

papers, and the said cause was set down for hearing before this respondent on Monday, June 2, 1930, at the hour of 9:30 o'clock a. m., for such further steps and proceedings as might lawfully be had in such cases."

We see nothing in either the order entered or the statement in the return which would indicate that, when the matter again comes on for hearing, the court is proposing to try in the forcible entry and detainer action a matter which is not proper to be tried in that action. Without so deciding, we have assumed that, if the trial court was proposing to try in the forcible entry and detainer action the matter which relators here claim cannot be tried in that action, prohibition would be an available remedy.

The writ will be denied.

MITCHELL, C. J., FULLERTON, FRENCH, and HOLCOMB, JJ., concur.