[No. 24488.   Department One.   July 13, 1933.]

THE STATE OF WASHINGTON, *on the Relation of John
Lay, Respondent,* v. T. H. SIMPSON
*et al., Appellants.*[1]

*A. C. Van Soelen* and *Glen E. Wilson,* for appellants.
*Bundy & Swale,* for respondent.

MILLARD, J.—This appeal is prosecuted by the members of the civil service commission of the city of Seattle from a judgment in favor of John Lay, who, as a citizen and taxpayer of the city of Seattle, instituted a mandamus action to require the commissioners to select by promotional examinations eligibles for appointment to six vacancies in the classified service of the city of Seattle.

Appellants contend that, under the statute (Rem. Rev. Stat., § 1015) providing that the writ shall be issued "upon affidavit on the application of the party beneficially interested," respondent can not maintain the action, as he has no interest beyond that shared

[1]Reported in 23 P. (2d) 886.

in common with other citizens. It is the theory of respondent that the duty imposed upon the commissioners by the city charter was a public duty, and that, as a private citizen or taxpayer, the respondent can maintain an action to compel the performance of that duty.

The question is not an open one in this state. If the respondent has no interest beyond that shared in common with other citizens, he can not maintain the action. *State ex rel. Vandervort v. Grant,* 156 Wash. 96, 286 Pac. 63; *State ex rel. Clithero v. Showalter,* 159 Wash. 519, 293 Pac. 1000.

Clearly, under the facts which are as follows, respondent was not entitled to maintain the action.

Section 9 of article XVI of the charter of the city of Seattle, provides:

"The Commission shall by its rules provide for promotions in the classified service, on the basis of ascertained merit and seniority in service and standing upon examination, and shall provide in all cases where practicable that vacancies shall be filled by promotion. All examinations for promotion shall be competitive among such members of the next lower rank established by the commission for each department as desire to submit themselves to such examination; and it shall be the duty of the commission to submit to the appointing power the names of not more than three applicants standing first upon the register, for each promotion. The method of examining and the rules governing the same and the method of certifying shall be the same, as near as may be, as provided for applicants for original appointment."

Section 1, rule VI, of the civil service commission reads as follows:

"Promotional examinations, where practicable, shall be held when the duties of lower positions tend to qualify for service in the higher. Each notice of

promotional examination shall specify the positions or grades of service from which promotion is allowed.''

Section 3, rule VI, of the civil service commission, so far as material, provides:

''No person shall be admitted to an examination for promotion from a position in any grade who, at the time of application, has not continuously served under regular appointment for at least one year in the position from which he seeks promotion.''

That is, no person may be admitted to promotional examination unless he has continuously served under regular appointment for one year in the position from which he seeks promotion.

On September 28, 1932, appellants, as members of the civil service commission, ordered examinations for the purpose of securing eligibles to fill vacancies in certain positions in the classified civil service of the city of Seattle. Those examinations were advertised as promotional and thus limited to employees in lower grades. On October 17, 1932, that order was rescinded by appellants, who ordered that the vacancies be filled by original examinations; that is, the examinations were not limited to employees in the classified service.

Respondent was a resident and taxpayer of the city of Seattle. He had been employed as a transit man in the engineering department of the city, but ''had been laid off''. He was not an applicant for any of the positions for which the examination had been ordered. He was not, under the civil service rules, entitled to apply for promotion to any of the positions, in view of the fact that he had not continuously served under regular appointment for at least one year in the position from which he sought promotion. Manifestly, respondent, who was not eligible to take a promotional examination, had not such beneficial interest as en-

titled him to maintain the action to compel the holding of a promotional examination.

"By the express provisions of the statutes in some jurisdictions persons beneficially interested in compelling the performance of the acts sought to be enforced are the proper or necessary parties to bring proceedings in mandamus for enforcement. However, according to the weight of authority, the writ will not issue under these statutes to compel the performance of a strictly public duty at the instance of a private citizen having no interest beyond that shared in common with other citizens; but in some jurisdictions the rule is directly to the contrary." 38 C. J., p. 841, § 547.

The judgment appealed from is reversed, with direction to dismiss the action.

BEALS, C. J., MITCHELL, HOLCOMB, and MAIN, JJ., concur.