[No. 28580.   Department Two.   February 7, 1942.]

THE STATE OF WASHINGTON, *on the Relation of Joseph Cheslock, Plaintiff*, v. THE SUPERIOR COURT FOR PIERCE COUNTY, *Fred J. Remann, Judge, Respondent.*[1]

*Emil N. Stenberg* and *O. O. McLane*, for relator.

*H. H. Johnston*, for respondent.

SIMPSON, J.—Relator seeks a writ of prohibition to restrain the superior court of Pierce county from quashing a restraining order issued by that court September 30, 1941, in an action in which relator was plaintiff and the city of Tacoma defendant.

The record discloses the following facts:   Relator and others similarly situated own real property in the vicinity of Hylebos creek, a stream emptying in Hylebos waterway, an arm of Commencement Bay, which is a portion of Puget Sound.   Prior to July, 1931, the city of Tacoma constructed a road across Hylebos creek near where it enters Hylebos waterway, and that in so

[1] Reported in 121 P. (2d) 950.

doing installed flood gates which prevented the waters of Puget Sound from flooding lands in the vicinity of that owned by relator. The result obtained by the erection of the roadway and gates was reclamation of land which had been overflown by salt water at high tides. A portion of this land belonged to relator and those for whom he is acting.

In the year 1937, drainage district No. 23 was organized for the purpose of draining properties adjacent to Hylebos creek. Thereafter the drainage district commissioners commenced an action numbered 83635 in the superior court of Pierce county against the city of Tacoma to compel it to remove all that part of the roadway which occupied the bed or channel of Hylebos creek. After a trial was had the superior court entered its decree commanding the city to remove the portion of its roadway which occupied the channel of the creek. This portion of the road which occupied the channel contained the flood gates. Relator was not a party to that action.

September 30, 1941, he instituted an action, No. 85596, against the city of Tacoma to restrain it from removing the obstruction and flood gates placed in Hylebos creek at the time the roadway was completed. A temporary restraining order was issued which ordered the city to refrain from complying with the decree entered in case No. 83635. The drainage district, with the consent of the court, intervened in the action brought by relator.

The answer filed by the commissioners of the drainage district alleged that the complaint did not state facts sufficient to entitle plaintiffs to a restraining order or injunctive relief and then set out the decree entered by the court in case No. 83635. Thereafter, the court, October 9, 1941, sustained a demurrer to relator's complaint, and ordered that the case would be

dismissed October 18, 1941, unless restrained in the meantime by a writ of prohibition. Application for a writ of prohibition was filed in this court October 15, 1941. An alternative writ was issued and the cause is here upon the application and respondent's return thereto.

In his application for a writ of prohibition, relator alleges that the removal of the flood gates contained in that part of the roadway which occupies the channel of Hylebos creek would immediately allow the salt water of Puget Sound to flood his properties and render the lands worthless and that the damages occasioned thereby would be irreparable. Relator contends that, after the city had established flood gates to prevent salt water from flooding adjacent lands, he and other individuals, relying on the permanency of the flood gates, improved and made valuable those lands, and that this court should issue a writ of prohibition to compel the superior court of Pierce county to proceed with his case and withhold action in case No. 83635.

Respondent argues that a writ of prohibition addressed to a superior court may be issued only when the superior court is acting without, or in excess of, its jurisdiction. Respondent's contention must be sustained. Relator has not challenged the jurisdiction of the superior court of Pierce county to pass upon the questions presented by the complaint and the demurrer, nor is there any contention that the court has acted in excess of its jurisdiction.

It is obvious that the superior court had jurisdiction to try the case filed by the relator and that it acted within its jurisdiction when it passed upon the demurrer. In such cases, this court will not issue a writ of prohibition for the reason that the writ may only be issued to a superior court when it is acting without, or in excess of, the jurisdiction conferred upon it by

law. Rem. Rev. Stat., § 1027 [P. C. § 8386]; *State ex rel. Gunderson v. Superior Court,* 13 Wash. 226, 43 Pac. 43; *State ex rel. McPherson Bros. Co. v. Superior Court,* 139 Wash. 294, 247 Pac. 3; *State ex rel. Nelms v. Superior Court,* 149 Wash. 50, 270 Pac. 128; *State ex rel. Ernst v. Superior Court,* 198 Wash. 133, 87 P. (2d) 294.

The writ is denied.

ROBINSON, C. J., BEALS, MILLARD, and JEFFERS, JJ., concur.