**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**


The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

**FILE**

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
MARCH 18, 2021

_González, C.J._
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
MARCH 18, 2021

_Susan L. Carlson_
SUSAN L. CARLSON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| JULIAN PIMENTEL,<br><br>     Petitioner,<br><br>  v.<br><br>THE JUDGES OF THE KING COUNTY SUPERIOR COURT, and DAN SATTERBERG, King County Prosecuting Attorney,<br><br>     Respondents. | NO. 98154-0<br><br><br><br><br>Filed: March 18, 2021 |

STEPHENS, J.—In King County, individuals subject to a warrantless arrest typically first appear before a district court judge to determine probable cause and set bail or release on personal recognizance (PR). Whatever the district court does, the superior court obtains jurisdiction once an information is filed by the county prosecutor. Then, without notice to the defendant, a superior court judge may make a new decision under CrR 3.2 to set bail or increase the bail previously set by the district court.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Pimentel v. Judges of King County Superior Court and Dan Satterberg,*
No. 98154-0

Petitioner Julian Pimentel asks us to prohibit this practice by granting extraordinary relief by way of a writ of prohibition or mandamus against the King County Superior Court Judges (Judges) and the King County Prosecuting Attorney (Prosecutor). In the alternative, Pimentel seeks a declaratory judgment. While we are sympathetic to Pimentel's concerns, this original action for extraordinary writs is the wrong vehicle to provide the relief sought. Pimentel's underlying criminal case, for which he was originally subject to a bail increase without prior notice, was dismissed over one year prior to the filing of this petition. Therefore, we dismiss the petition as moot and decline to reach the issue of whether a county prosecutor qualifies as a state officer for purposes of article IV, section 4 of our state constitution. We also dismiss Pimentel's alternative request for declaratory relief for lack of original jurisdiction.

## FACTS AND PROCEDURAL HISTORY

Pimentel self-surrendered to the Federal Way Police Department (FWPD) on April 17, 2018, following allegations that he committed indecent liberties against 15 year old A.R.W. two months prior. Agreed Report of Proceedings (ARP) at 6, 11. Pimentel appeared before King County District Court Judge Charles Delaurenti the next day. Pimentel was represented by defense counsel, who requested release on PR, noting Pimentel was "two months over 18," "lives with his

2

*Pimentel v. Judges of King County Superior Court and Dan Satterberg*,
No. 98154-0

father," and "has a stable address." ARP at 4. The Prosecutor asked the court to set bail in the sum of $150,000 to "ensure the safety of the community." ARP at 3-4. Judge Delaurenti noted, "The [Prosecutor's] recommendation for bond is not unreasonable," but he also took into account that the investigating FWPD detective did not object to Pimentel being released on PR. ARP at 8. Judge Delaurenti agreed to release Pimentel on PR and noted Pimentel was due to reappear before the district court the following day.

On April 19, less than half an hour before Pimentel was set to reappear, the Prosecutor formally charged Pimentel in King County Superior Court with assault in the second degree with sexual motivation. The Prosecutor acknowledged their bail request of $150,000 was denied at the first appearance and that Pimentel was released on PR. Nevertheless, the Prosecutor requested the Superior Court set bail at $50,000 given that the district court "was unaware that there were statements from friends that were with the victim and the defendant that day" and that those statements provided new information "regarding the victim's impairment." ARP at 17. King County Superior Court Judge James Cayce made a determination of probable cause for assault in the second degree, issued an arrest warrant, and set bail at $50,000.

*Pimentel v. Judges of King County Superior Court and Dan Satterberg*,
No. 98154-0

Pimentel states the Prosecutor's request for bail was granted by the superior court ex parte, "without any notice to the defendant or his attorney and without any opportunity . . . to appear or to respond." ARP at 42. Due to an oversight, Pimentel was not arrested when he returned for his second appearance before the district court. Instead, when defense counsel learned of the bail increase after calling the King County Prosecuting Attorney's Office, he immediately notified Pimentel. Pimentel posted bond that day (which required paying an 8% premium of $4,000) in order to avoid being arrested prior to his arraignment. Pimentel appeared at his arraignment on May 3, 2018. After various proceedings, the Prosecutor dismissed his case in January 2019 "[i]n the interests of justice and based upon information not available at the time of filing."[1] ARP at 36. In February 2020, Pimentel filed this original action in our court, seeking either a writ of prohibition or a writ of mandamus or, alternatively, a declaratory judgment. Our commissioner issued a ruling to retain this original action. We accepted amici briefs from the Washington Association of Criminal Defense Lawyers, the King County Department of Public Defense, the Washington Defender Association, and the American Civil Liberties Union of

---

[1] Following oral argument in this court, Pimentel filed a motion requesting our decision specifically mention that the criminal charges filed against him in his underlying criminal case were dismissed. *See* Pet'r's Mot. Requesting Ct.'s Decision Mention Underlying Crim. Case Was Dismissed by State Prior to Trial (filed Nov. 23, 2020). We passed that motion to the merits and, in light of this opinion, now deny it as moot.

*Pimentel v. Judges of King County Superior Court and Dan Satterberg*,
No. 98154-0

Washington (WACDL et al.), as well as from the Washington Association of Prosecuting Attorneys.

ANALYSIS

Pimentel and supporting amici raise serious concerns about the negative impacts of the King County bail practice, particularly on indigent defendants. *See* Pet'r's Opening Br. at 14-17; WACDL et al. Amici Br. at 6-10. The question before us is whether an original action seeking a writ of prohibition or mandamus is an appropriate vehicle for relief in this case. Our ability to issue either writ stems from our state constitution, which provides:

> The supreme court shall have original jurisdiction in habeas corpus, and quo warranto and mandamus as to all state officers, and appellate jurisdiction in all actions and proceedings . . . .The supreme court shall also have power to issue writs of mandamus, review, prohibition, habeas corpus, certiorari and all other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction.

WASH. CONST. art. IV, §4.

A writ of prohibition is a drastic measure. *Kreidler v. Eikenberry*, 111 Wn.2d 828, 838, 766 P.2d 438 (1989). The writ will not issue "to prevent the commission of mere error, nor to take the place of an appeal." *State ex rel. N.Y. Cas. Co. v. Superior Court*, 31 Wn.2d 834, 838-39, 199 P.2d 581 (1948). Similarly, a writ of mandamus "is an extraordinary remedy appropriate only where a state official is

*Pimentel v. Judges of King County Superior Court and Dan Satterberg*,
No. 98154-0

under a mandatory ministerial duty to perform an act required by law as part of that official's duties." *Freeman v. Gregoire*, 171 Wn.2d 316, 323, 256 P.3d 264 (2011) (citing *Cmty. Care Coal. of Wash. v. Reed*, 165 Wn.2d 606, 614, 200 P.3d 701 (2009)). Issuance of either writ is discretionary. *See Walker v. Munro*, 124 Wn.2d 402, 407, 879 P.2d 920 (1994) (noting that "[o]ur original jurisdiction to issue a writ [of mandamus] is both nonexclusive and discretionary"); *see also Skagit County Pub. Hosp. Dist. No. 304 v. Skagit County Pub. Hosp. Dist. No. 1*, 177 Wn.2d 718, 730, 305 P.3d 1079 (2013) (noting questions relevant to whether a writ of prohibition should issue "'rest[] in the sound discretion of the court in which the proceeding is instituted'" (quoting *State ex rel. O' Brien v. Police Court of Seattle*, 14 Wn.2d 340, 348, 128 P.2d 332 (1942))).

Pimentel's petition for an extraordinary writ of prohibition or mandamus fails at the outset because his case became moot well before the filing of the present petition. Beyond the problem of mootness, there are a number of adequate, alternative remedies available to Pimentel that demonstrate an extraordinary writ is not warranted.

I. Pimentel's Case Was Moot before He Filed This Original Action

Pimentel did not initiate his petition until approximately one year *after* the superior court dismissed his criminal case, and he does not dispute that this case is

*Pimentel v. Judges of King County Superior Court and Dan Satterberg*,
No. 98154-0

moot. He argues we should nevertheless entertain his petition under one of our mootness exceptions, specifically because the issue presented is of continuing and substantial public interest. But Pimentel cites no instance in which this court has granted an extraordinary writ of prohibition in a moot case.

Because the criminal charges against Pimentel were dismissed over a year prior to the filing of this original action, there is no case pending below and, thus, nothing for us to prohibit. We have previously declined to issue the writ where the act sought to be prohibited had already occurred. *See, e.g.*, *State ex rel. Nooksack River Boom Co. v. Superior Court*, 2 Wash. 9, 14, 25 P. 1007 (1891) (indicating the petitioner need demonstrate "that there is still something which the inferior court is about to do under its claim of jurisdiction"); *State ex rel. Nitsche v. Brown*, 157 Wash. 692, 693-94, 290 P. 328 (1930) (noting a writ of prohibition "should not be issued to prevent the trial court from doing something that had already been done"); *see also State ex rel. McPherson Bros. Co. v. Superior Court*, 139 Wash. 294, 296-97, 247 P. 3 (1926) ("Prohibition will not issue to restrain or prohibit the [lower] court from doing an act already performed.").

More recently, in a case seeking a writ of review, we held that a claim by multiple petitioners challenging district court orders pertaining to ignition interlock devices (IIDs) fell outside of the scope of our mootness exceptions because the claim

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

"was moot before any objection was filed." *Blomstrom v. Tripp*, 189 Wn.2d 379, 393, 402 P.3d 831 (2017). Mootness prevented hearing the petition despite the petitioners having raised a recurring issue of public importance. *Id.* Specifically, we noted, "'[T]he moot cases which this court has reviewed in the past have been cases which became moot only after a hearing on the merits of the claim.'" *Id.* (quoting *Orwick v. City of Seattle*, 103 Wn.2d 249, 253, 692 P.2d 793 (1984)). *Blomstrom* observed that to the extent the lower court erred by ordering an IID be installed, "it was a mistake withdrawn at [one of the petitioners'] first hearing." *Id.*

The moot issue in Pimentel's case closely mirrors the moot IID issue in *Blomstrom*. Pimentel did not challenge the bail increase in his criminal case in superior court and did not bring this action until over a year after his underlying case was dismissed. Consistent with our decision in *Blomstrom*, we therefore dismiss Pimentel's petition for a writ of prohibition as moot.

We next consider Pimentel's request for a writ of mandamus. Mandamus is also an extraordinary writ; it requires the petitioner to demonstrate "(1) the party subject to the writ has a clear duty to act; (2) the petitioner has no plain, speedy, and adequate remedy in the ordinary course of law; and (3) the petitioner is *beneficially interested*." *Seattle Times v. Serko*, 170 Wn.2d 581, 588-89, 243 P.3d 919 (2010) (emphasis added). The Judges argue that mootness and standing are directly relevant

*Pimentel v. Judges of King County Superior Court and Dan Satterberg,*
No. 98154-0

to whether a petitioner can be considered beneficially interested. Resp't Judges' Answer to Br. of Amici Curiae WACDL et al. at 9. We have previously equated standing with the beneficial interest requirement of our mandamus test and held a person is "considered to be beneficially interested, if he has an interest in the action beyond that shared in common with other citizens." *Retired Pub. Emps. Council of Wash. v. Charles*, 148 Wn.2d 602, 616, 62 P.3d 470 (2003) (*RPECW*) (citing *State ex rel. Lay v. Simpson*, 173 Wash. 512, 512-13, 23 P.2d 886 (1933)). The petitioners in *RPECW* included retired public employees who this court found had "an interest, beyond that of other citizens, in changes made to the retirement system." *Id.* at 620. Specifically, we noted the retirees retained an active interest in seeing that "there is enough money in the retirement system to pay their benefits." *Id.* at 616.

While Pimentel may have previously been beneficially interested in the King County bail practice, his criminal case was dismissed over a year prior to him bringing this original action. Acknowledging as much, supporting amici for Pimentel urge this court to accept associational standing of a county public defender, noting a defender "has a particularized interest in bringing challenges to unlawful court practices." WACDL et al. Amici Br. at 17 n.5 (citing *Vovos v. Grant*, 87 Wn.2d 697, 700, 555 P.2d 1343 (1976)). However, Pimentel presents no argument for associational standing and supporting amici do not point to any authority for the

9

*Pimentel v. Judges of King County Superior Court and Dan Satterberg*,
No. 98154-0

notion that a nonparty can confer standing on behalf of the petitioner. The mootness

and standing issues identified above create not only a procedural bar to issuing a writ

of prohibition but also a substantive bar to issuing a writ of mandamus, given the

requirement Pimentel be "beneficially interested" for the latter writ to issue.

As discussed next, Pimentel is also unable to sufficiently demonstrate a lack

of adequate, alternative remedies in order to justify issuance of a writ of mandamus.

II.     Pimentel Has Other Adequate Remedies To Challenge the Bail Practice

Pimentel argues that no adequate, alternative remedy exists to challenge the

King County bail practice given that "[p]rivate attorneys and public defenders in

King County have been objecting to this procedure" in a series of letters sent to then

presiding King County Superior Court judges for over 20 years. Pet'r's Opening Br.

at 11. The absence of an adequate, alternative remedy is a prerequisite to the

issuance of either a writ of prohibition or mandamus. *See Riddle v. Elofson*, 193

Wn.2d 423, 430, 439 P.3d 647 (2019) (plurality opinion) (prohibition); *Serko*, 170

Wn.2d at 588-89 (mandamus). Previously, we reversed a lower court's grant of a

writ of prohibition, noting that "the writ . . . does not lie in criminal cases because

there is a plain, speedy, and adequate remedy by appeal." *State ex rel. Heidal v.

Bresemann*, 42 Wn.2d 674, 675, 257 P.2d 637 (1953) (citing *State ex rel. O'Brien*,

14 Wn.2d 340). And in *Riddle*, we declined to issue a writ of prohibition where the

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

petitioner "could have sought relief through a preliminary injunction and declaratory judgment [through application to a neighboring county superior court]." 193 Wn.2d at 436-37 (Wiggins, J., lead opinion).

As a defendant facing a criminal charge, Pimentel could have pursued several alternative remedies: challenging the bail increase prior to or at arraignment, filing a motion for declaratory judgment in superior court, or filing an interlocutory or direct appeal. Instead, Pimentel did not raise any challenge to the superior court's bail determination in his criminal case, and he sought relief here only after his case was dismissed.

Pimentel disputes the adequacy of these available remedies on three main grounds. First, he argues that bail issues quickly become moot so the "'normal appellate process' does not provide an effective remedy." Pet'r's Opening Br. at 25. We disagree; the Court of Appeals has reviewed a number of cases concerning technically moot bail issues where they presented a matter of continuing and substantial public interest. *State v. Ingram*, 9 Wn. App. 2d 482, 490, 447 P.3d 192 (2019), *review denied*, 194 Wn.2d 1024 (2020); *State v. Huckins*, 5 Wn. App. 2d 457, 464, 426 P.3d 797 (2018); *City of Yakima v. Mollett*, 115 Wn. App. 604, 607, 63 P.3d 177 (2003). Pimentel responds by noting cases such as these are the "exception[], not the rule." Pet'r's Opening Br. at 25. But Pimentel is unable to

*Pimentel v. Judges of King County Superior Court and Dan Satterberg,*
No. 98154-0

present any evidence that he or other criminal defendants have been denied review of the types of bail decisions at issue here.[2] And though mootness precludes this court from issuing the relief sought in the present petition, our decision rests on the fact that his criminal case was moot over a year before Pimentel raised any challenge to King County's bail practice. This stands in contrast to cases such as *Ingram*, where the defendant appealed an unsuccessful challenge to a bail determination made in the superior court and the case became moot only after the challenge was raised. 9 Wn. App. 2d at 488-90.

Second, Pimentel argues that an interlocutory appeal is not an adequate path for seeking relief because "[t]he granting of an interlocutory appeal is discretionary as well as disfavored." Pet'r's Opening Br. at 25 (citing *Minehart v. Morning Star Boys Ranch, Inc.,* 156 Wn. App. 457, 462, 232 P.3d 591(2010)). Still, this relief is available. In *State v. Barton*, 181 Wn.2d 148, 168, 331 P.3d 50 (2014), both the Court of Appeals and this court agreed to review an interlocutory appeal challenging a judge's bail order as unconstitutional. Pimentel insists that *Barton* "is an anomaly" because both parties stipulated "that the order should be reviewed immediately by interlocutory appellate review." Pet'r's Reply Br. at 28. But appellate courts are not

---

[2] Pimentel's counsel notes in his declaration that he and other defense attorneys "have been attempting to negotiate changes in this [bail practice] procedure, without success for almost 25 years." ARP at 44. However, these nonjudicial efforts do not establish the absence of any adequate remedy through the legal process.

*Pimentel v. Judges of King County Superior Court and Dan Satterberg*,
No. 98154-0

bound by such stipulations and frequently entertain interlocutory review in important cases. Pimentel's attempt to distinguish *Barton* is therefore unavailing, and he had an available remedy through the interlocutory review process.

Third, Pimentel argues that just as mootness may prevent direct review of a bail order, so too will it bar a motion for declaratory judgment. Pet'r's Opening Br. at 25 (noting a declaratory judgment action "is not available to litigate matters that are technically moot, although recurring" (citing *Hill v. Dep't of Transp.*, 76 Wn. App. 631, 887 P.2d 476 (1995))). This argument is unpersuasive because the extraordinary relief Pimentel seeks equally requires this court to find an exception to mootness. We will not find an alternative remedy inadequate simply because the petitioner would prefer this court, rather than a lower court, to hear his case. *See State ex rel. Prentice v. Superior Court*, 86 Wash. 90, 94, 149 P. 321 (1915) ("'The writ of prohibition will not be issued as of course, nor because it may be the most convenient remedy.'" (quoting *State ex rel. Lewis v. Hogg*, 22 Wash. 646, 649, 62 P. 143 (1900))).

Pimentel's remaining arguments are also unavailing. He notes certain defendants would likely be unable to seek an emergency bail hearing prior to arraignment given that the King County Superior Court Criminal Department Manual excludes sex crimes from expedited review. But Pimentel fails to show how

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

a criminal defendant is barred from challenging a bail determination at the arraignment, which generally occurs only two weeks after the bail hearing. Pimentel also argues that a defendant may not be able to pay attorney fees for an interlocutory appeal and that public defenders may lack the time and resources to raise the issue. Pet'r's Reply Br. at 28-29. However, a "remedy is not inadequate merely because it is attended with delay, expense, annoyance, or even some hardship." *State ex rel. O'Brien*, 14 Wn.2d at 347. Nothing in the record suggests Pimentel or others have ever legally tried and failed to challenge King County's bail practice through any of the other available means. Moreover, Pimentel's skepticism about his ability to obtain relief through alternative remedies is unpersuasive given that the Court of Appeals has repeatedly reviewed compelling, though moot, bail issues. *See, e.g.*, *Ingram*, 9 Wn. App. 2d at 490 (reviewing moot bail issue as to whether defendant should have been released on PR because the issue was of continuing and substantial public interest); *Huckins*, 5 Wn. App. 2d at 463-64 (reviewing defendant's moot argument on the merits because "bail presents a matter of continuing and substantial public interest"). Given the existence of alternative remedies available to Pimentel, a writ of mandamus cannot issue.

III.   We Lack Jurisdiction To Issue Declaratory Relief in an Original Action

In the alternative to issuing an extraordinary writ, Pimentel asks us to declare the

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

rights of the parties in the form of a declaratory judgment. For support, he argues

we have previously rendered a declaratory judgment where the issue presented was

of great public interest and was adequately briefed. Pet'r's Opening Br. at 21

(quoting *Lee v. State*, 185 Wn.2d 608, 618, 374 P.3d 157 (2016)). Importantly,

though, the issues presented in *Lee* were decided under our *appellate* jurisdiction.

185 Wn.2d at 629 (affirming the judgment of the trial court to void an initiative in

its entirety). Nothing in the record suggests Pimentel was incapable of seeking a

declaratory judgment in the lower court rather than seeking to invoke our original

jurisdiction. Moreover, this court lacks jurisdiction to rule on Pimentel's

freestanding request for declaratory judgment in an original action. *See Freeman*,

171 Wn.2d at 334 (noting this court's "authority in original jurisdiction is derived

from the constitution, which does not include original jurisdiction in a declaratory

judgment action"); *Walker v. Munro*, 124 Wn.2d 402, 411, 879 P.2d 920 (1994)

("The only grounds on which this court could render declaratory relief [in an original

action] . . . is if such a declaration necessarily underlies a writ of mandate.").

## CONCLUSION

While we do not discount the importance of the concerns Pimentel and

supporting amici raise with respect to King County's bail practice, an original

Supreme Court action in a moot case is not the proper avenue for seeking

*Pimentel v. Judges of King County Superior Court and Dan Satterberg*,
No. 98154-0

extraordinary relief. Pimentel's criminal case was dismissed over a year before he filed his petition for extraordinary relief, so there is no lower court action for us to prohibit by writ. Nor do the facts of this case meet the strict requirements for a writ of mandamus, given mootness and the existence of available alternative remedies. Furthermore, we lack original jurisdiction to issue a declaratory judgment. Accordingly, we dismiss the petition.[3]

---

[3] Because we dismiss Pimentel's petition as moot, there is no need to reach the constitutional issue our commissioner identified in retaining this action, *viz.* whether a county prosecutor is a state officer for purposes of article IV, section 4 of our state constitution. *Cmty. Telecable of Seattle, Inc. v. City of Seattle*, 164 Wn.2d 35, 41, 186 P.3d 1032 (2008) (declining to reach constitutional question where a case can be fairly resolved on other grounds); Comm'r Corrected Ruling Retaining Original Action at 4 (Apr. 17, 2020).

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Pimentel v. Judges of King County Superior Court and Dan Satterberg*,
No. 98154-0

Stephens, J.

WE CONCUR:

Gonzáles, C.J.

Gordon McCloud, J.

Johnson, J.

Yu, J.

Madsen, J.

Montoya-Lewis, J.

Owens, J.

Whitener, J.

17