[No. 5415. Decided January 7, 1905.]

THE STATE OF WASHINGTON, *on the relation of the City of West Seattle, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *et al., Defendants.*[1]

PROHIBITION—WHEN LIES—JURISDICTION OF COURTS TO ENJOIN CANVASS OF ELECTION RETURNS—ADEQUACY OF REMEDY BY APPEAL. Prohibition does not lie to prevent the superior court from taking jurisdiction of an action brought by a property owner to enjoin the officers of a city from canvassing the returns of a special election, held therein for the purpose of annexing plaintiffs' property, on the ground of non-compliance with the election laws, fraud, and the unconstitutionality of the act under which the election was held, since the court had jurisdiction of the action to determine such questions, and there is an adequate remedy by appeal.

SAME—EMERGENCY—DELAY IN COLLECTION OF TAXES. Upon an application for a writ of prohibition sought by a city to prevent the superior court from taking jurisdiction of an action to enjoin the canvass of the returns of a special election held for the purpose of annexing territory, sufficient emergency to warrant the

[1]Reported in 79 Pac. 29.

issuance of the writ is not shown by an affidavit to the effect that the collection of taxes will be delayed, since time alone does not affect the adequacy of an appeal.

SAME—REMOTE DAMAGES. In such a case, neither is an emergency shown by the fact that contemplated street railway construction by the city would probably be done upon better terms now than later, since that is too vague and speculative.

Application to the supreme court, filed October 18, 1904, for a writ of prohibition, to prevent the superior court for King county, Bell, J., from taking jurisdiction of an action to enjoin the officers of the relator from canvassing the returns of a special election to annex territory. Writ denied.

*Herbert N. De Wolfe,* for relator.

*Hughes, McMicken, Dovell & Ramsey* and *Ira Bronson,* for defendants.

DUNBAR, J.—This is an original application for a peremptory writ of prohibition. The application shows that the relator is a party defendant in an action brought in the superior court for King county, by the Puget Mill Company, a corporation, against this relator and its officers to restrain the city from canvassing the returns of a special election held in said defendant city and in territory sought to be annexed to said defendant city. The complaint was filed and a restraining order issued on the 1st day of October, 1904. The returns, as required by law, were to have been canvassed on Monday, October 3, 1904. The defendants appeared specially and moved the court for an order requiring the plaintiff to make its complaint more definite and certain, and to strike other parts as frivolous and immaterial, which motion was denied by the court. Defendants then interposed demurrers to the jurisdiction of the court, the same being overruled by the court. The relator

seeks in this petition to prohibit the court from taking jurisdiction of and trying the above-mentioned case. The complaint in the injunction proceedings is exceedingly lengthy, and alleges, among other things, that the defendants were guilty of fraud and conspiracy in undertaking to extend the city limits over plaintiff's lands; that no authority existed for such action in a city of the fourth class; and that the action of the city in progressing from a city of the fourth class to a city of the third class was illegal and fraudulent.

As to the right of the relator to a prohibition in this case, it has been held, over and over again, by this court, that prohibition will not lie whether the trial court is acting with or without jurisdiction, if there is an adequate remedy by appeal. It is contended by the relator, in the first place, that the court has no jurisdiction of the subject-matter in this action, the question being entirely a political question of which the courts cannot take or have cognizance; that, in the second place, there is no adequate remedy at law. We think this petition must be denied on both grounds. If the court below has jurisdiction to try the cause, this court cannot arrogate to itself the original jurisdiction, which is conferred by the constitution upon the superior court, but can only exercise the constitutional function of an appellate tribunal; and, without passing upon the question of whether or not the subject of extension of city limits is a political question in such a sense that the determination of that question is not vested in the courts, there are certain questions which are raised by the complaint in this case, and which stand unchallenged in this proceeding, which are, without doubt, questions within the jurisdiction of the trial court. It is contended by the complaint that the lands which are sought to be incorpo-

rated within the city limits are such lands as, by reason of their location, could not legally be incorporated in such city; that the city did not comply, or attempt to comply, with the law in relation to notices; and, further, that the act under which the city was proceeding is unconstitutional and void.  While in certain classes of cases the discretion in the determination of certain questions is vested in the municipality, in all cases the proceedings must be carried on under the provisions of the law, or property rights would be arbitrarily destroyed without any possible redress, and certainly an action of any kind must be maintained under laws which are not repugnant to the fundamental law—the constitution of the state—and we see no reason why the constitutionality of the act in question cannot be determined in this case.

Again, the affidavit of emergency in this case made by the mayor of the city is not sufficient, we think, to warrant the issuing of the extraordinary writ, and of taking the case out of its regular course on appeal.  So far as the taxes are concerned, if the territory is ever annexed, the taxes from that time on can be collected; and it could scarcely be contended that the argument that, if the case is advanced, the territory sought to be embraced will the sooner commence paying taxes to the municipality, is an effective one for the purpose of taking the case out of its regular course.  The other matters set forth in the affidavit, namely, that the city is desirous of extending a railroad to the beach for the purpose of getting the benefit of the excursion travel next summer, and that better terms could probably be made now, so far as contracting for the construction of the road is concerned, than could be afterwards obtained, is entirely too vague and speculative to rest any legal right upon.  This court has decided

that, in considering the adequacy of an appeal, time alone
will not be considered, nor the expenses incident to a pro-
longed litigation, provided the fruits of the appeal are not
lost by the delay. In such cases the appeal will not be
considered adequate, but all litigation is fraught with vexa-
tious delay and incidental expenses, and if this alone were
sufficient to justify extraordinary writs of this character
the effective method of appeal would soon grow into disuse.

  The application for the writ is denied.

FULLERTON, C. J., and MOUNT, HADLEY, and ANDERS,
JJ., concur.