[No. 19379. Department One. July 15, 1925.]

THE STATE OF WASHINGTON, *on the Relation of Victor Potter et al., Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *J. T. Ronald, Judge, Respondent.*[1]

PROHIBITION (19)—TO COURTS—WHEN LIES—ERRORS. Prohibition does not lie to prevent a justice of the peace from committing error in impaneling a jury, he having jurisdiction of the parties and the subject matter.

SAME (4)—TO COURTS—CRIMINAL PROCEEDINGS—ADEQUATE REMEDY BY APPEAL. The defendant in a criminal case in justice court being entitled to a trial *de novo* on appeal to the superior court, there is an adequate remedy by appeal for error of the justice in impaneling a jury; hence prohibition does not lie to restrain the justice from proceeding.

Application filed in the supreme court May 21, 1925, for a writ of certiorari to review an order of the superior court for King county, Ronald, J., denying a writ of prohibition. Denied.

*Henry Clay Agnew,* for relator.

*Ewing D. Colvin* and *John J. Dunn,* for respondent.

ASKREN, J.—This is an application for a writ of certiorari to review the action of the superior court in refusing to grant a writ of prohibition. The petition charges that relators, Victor Potter and Orin Morrell, stand charged with a crime before C. C. Dalton, justice of the peace for King county; that the justice has announced that he will select a jury panel for the trial of

[1]Reported in 237 Pac. 717.

the cause in a manner which we shall assume for the purposes of this opinion to be erroneous, and in violation of the defendants' rights; that application was made to the superior court for King county for a writ of prohibition to restrain the justice from drawing the panel in the alleged illegal manner; that a demurrer and answer were both filed to the application for the writ of prohibition and the superior court entered an order denying the writ. The petition further alleges that there is no speedy and adequate remedy at law, and that if the writ is not granted the relators will be compelled to proceed to trial before a jury drawn in violation of their constitutional rights.

To this petition the respondent superior court has demurred. Its demurrer must be sustained.

A writ of prohibition lies to restrain courts from proceeding in matters "without or in excess of" their jurisdiction, and then only where there is no adequate remedy by appeal. *State ex rel. Meyer v. Clifford,* 78 Wash. 555, 139 Pac. 650. The facts stated show that the court has jurisdiction of the subject-matter of the action and of the parties, and hence may properly make orders in connection therewith. The making of erroneous orders does not affect its jurisdiction. Prohibition will not lie to prohibit a court from making an error of law.

There is also no showing that there is not an adequate remedy by appeal. The statute gives a very complete and adequate remedy. A defendant in a criminal action in justice court is entitled to a trial *de novo* in the superior court upon demand therefor. He is neither required to show any error in the trial below nor that his rights have been invaded; but he may have a new trial as a matter of right. If the relators here are tried in justice court, it may be that the

result thereof will be perfectly satisfactory to them, even though the court may commit errors in the trial thereof; but if, for any reason, they are dissatisfied by an adverse verdict, they have a speedy and adequate remedy by appeal.

The petition for a writ of certiorari is denied.

TOLMAN, C. J., PARKER, BRIDGES, and MAIN, JJ., concur.