[No. 20347.    Department Two.    February 15, 1927.]

THE STATE OF WASHINGTON, *on the Relation of W. U. Park, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY *et al., Respondents.*[1]

[1] PROHIBITION (4)—REMEDY BY APPEAL—RECOVERY OF PAPERS FROM ATTORNEY. The superior court having jurisdiction over the subject matter of an application to require an attorney to deliver money or papers of a client in his possession, pursuant to Rem. Comp. Stat., § 137, the attorney has a plain and adequate remedy by appeal from any order that may be made, even if the court did not acquire jurisdiction of his person; and accordingly prohibition does not lie to restrain the superior court from proceeding to a final determination of the controversy.

Application filed in the supreme court November 12, 1926, for a writ of prohibition to prevent the superior court for King county, Moriarty, J., from proceeding with an action on contract. Denied.

[1]Reported in 253 Pac. 111.

*W. U. Park* and *Morris & Dubuar,* for relator.

*W. R. Crawford* and *D. V. Halverstadt,* for respondents.

BRIDGES, J.—Some of the stockholders of various corporations, which seem to have operated for the most part in a neighboring state, joined together for the purpose of seeking some relief as against those corporations. One Mr. Leffler was one of these persons. They entered into a written agreement between themselves, as the first parties, and Otis W. Brinker, as the second party. The contract shows that the first parties, to wit, the various stockholders, have employed Mr. Park, the relator herein, as their attorney to assist them, and any other stockholders who might also join, in enforcing certain rights against the various corporations. Each stockholder was to contribute a certain amount of money to pay the expenses, including attorney's fees, in connection with the proposed enterprise. Mr. Brinker was selected as the trustee, whose duty it was to receive and keep any moneys which might be paid to him by the various stockholders, such moneys to be paid out as and when Mr. Park and the secretary of the first parties should, in writing, order. It was further provided that the trusteeship could be terminated at any time when, in the opinion of the attorney, such action should be taken.

It also appears that a stockholders investigating committee was formed from among the parties who had entered into the contract, and that that committee had a manager and a secretary; that the various stockholders surrendered to the committee, or the relator, or to Mr. Brinker as trustee, their various shares of stock in the corporations which we have mentioned, and that Mr. Leffler so surrendered four shares of preferred stock and two shares of common stock of one of the

corporations; that later he desired to terminate his relationship with his associate stockholders and with Mr. Park as attorney, and demanded of Mr. Park the surrender back to him of such certificates of stock. This demand not having been complied with, he instituted a proceeding in the superior court for King county against Mr. Park, seeking to require the latter to surrender the certificates of stock. The proceeding seems to have been instituted by virtue of Rem. Comp. Stat., § 137 [P. C. § 186], which provides as follows:

"When an attorney refuses to deliver over money or papers to a person from or for whom he has received them in the course of professional employment, whether in an action or not, he may be required by an order of the court in which an action, if any, was prosecuted, or if no action was prosecuted, then by order of any judge of a court of record, to do so within a specified time, or show cause why he should not be punished for a contempt."

Upon application, the court made an order requiring Mr. Park to surrender to Mr. Leffler the shares of stock which it was alleged were held by the former, or to show cause why he should not be punished as for contempt. A duly certified copy of the order and the complaint upon which it was based were served upon Mr. Park, who appeared specially and demurred to the petition on the various statutory grounds and moved to quash the service of process because of its irregularity. Thereafter Mr. Park, still specially appearing, answered and denied that the Leffler stock had ever been surrendered to him or that he had the same in his possession or under his control. Upon the pleadings thus made, a trial was had. The testimony tended to show that the certificates of stock were in the possession of Mr. Brinker, but the court seemed to be of the opinion that they were, nevertheless, under the control

of Mr. Park. The court threatened to make a judgment directing Mr. Park "to dissolve the trusteeship under which Otis W. Brinker holds the shares of stock" belonging to Mr. Leffler, "in so far as it affects petitioner's stock, and in writing forthwith so to notify said Brinker and likewise forthwith in writing order and direct said Otis W. Brinker to deliver said shares of stock. . . ." Upon application to this court by Mr. Park for a writ of prohibition, we required the trial court to make a return of his doings. The court has complied with our order.

[1] The relator here insists that the service of the papers which sought to bring him into the proceeding before the trial court was irregular and insufficient, that that court did not obtain any jurisdiction over him, and that the judgment which the court was threatening to make was one which he could not possibly comply with, and, such being the situation, if the judgment was entered he would be liable for contempt of court and might be placed in jail on account thereof.

We are of the opinion that prohibition is not relator's proper remedy. In *State ex rel. Potter v. Superior Court,* 135 Wash. 344, 237 Pac. 717, we held that

"A writ of prohibition lies to restrain courts from proceeding in matters 'without or in excess of' their jurisdiction, and then only where there is no adequate remedy by appeal."

In *State ex rel. Martin v. Superior Court,* 101 Wash. 81, 172 Pac. 257, we held that the writ of prohibition would not issue to review the question whether the trial court had acquired jurisdiction of the person of the defendant and the subject-matter of the action, if it appeared that the court had inherent jurisdiction of them. We said:

"Where there is a lack of inherent jurisdiction in the court itself, a writ of prohibition will lie to restrain it

from further proceedings; or where the court has erroneously decided that such inherent jurisdiction is lacking, mandamus will lie to compel it to entertain the cause and to hear and determine. Where, however, the question is whether the court, acting within the scope of its admitted jurisdiction, has acquired jurisdiction over the parties or the particular subject-matter, the writ will not issue. In such a case, the court is exercising its judicial function in passing on the question, not whether it has inherent jurisdiction, but whether it has acquired jurisdiction or a right to proceed within the limit of an admitted jurisdiction. If, in the exercise of its discretion or judgment, it commits error, the proper remedy is by appeal, and not by writ of prohibition or mandamus.''

In *State ex rel. Teeter v. Superior Court,* 110 Wash. 255, 188 Pac. 391, we held that we would not, in an application for a writ of prohibition, inquire into the sufficiency of the process served on the defendant to give the court jurisdiction over him. We said:

''The second contention is also without merit. It is founded on the contention that the court held there was a sufficient service of summons on the relator when there was in fact no such sufficient service. But if the contention be well taken, it furnishes no cause for the issuance by this court of a writ of prohibition. It is but an error occurring in the progress of the cause which may be, and can only be, reviewed by an appeal from the final judgment.''

There is in this case a plain, speedy and adequate remedy by appeal. The superior court, as such, has general jurisdiction over a matter of the kind involved here, and if it did not, as contended by relator, obtain jurisdiction of his person, that is a matter which can be raised and determined on the usual appeal. If the trial court holds that such service of process as was made on the relator is sufficient, when as a matter of law it was insufficient and did not give the court juris-

diction of the relator, that would be nothing but an error in the progress of the trial, which can be reviewed upon appeal. It is said, however, by relator that, if the proposed judgment is entered, he will be wholly unable to comply with it and will, therefore, be in contempt of court, and that because of that situation the remedy by appeal is inadequate. The answer to this argument is that, if the threatened judgment be entered and the relator desires to appeal therefrom, he may, under Rem. Comp. Stat., § 1722 [P. C. § 7296], supersede the judgment by giving such bond as the court may fix. In this way the relator will be protected and matters will stand in *statu quo* pending an appeal. Upon the appeal, this court can review the judgment and determine whether it is in accordance with the evidence, whether the service of process was sufficient, whether the court has exceeded its power in making the judgment too broad, and any other questions of like nature.

We see no reason why this case cannot be appealed in the regular manner, nor why the remedy thereby afforded is not speedy and adequate. The writ is denied.

MACKINTOSH, C. J., TOLMAN, PARKER, and ASKREN, JJ., concur.