[No. 21544. Department Two. February 14, 1929.]

THE STATE OF WASHINGTON, *on the Relation of Grays Harbor Railway & Light Company, Appellant,* v. JOHN C. DENNEY, *Director of Public Works, et al., Respondents.*[1]

*Theodore B. Bruener* and *Cleland & Clifford,* for appellant.

*The Attorney General* and *H. C. Brodie, Assistant,* for respondents.

FRENCH, J.—The Grays Harbor Railway & Light Company, appellant, is and has been for many years a public service company operating in the Grays Harbor district. Its functions are twofold, operating as it does a street railway system and an electric light plant, and serving the needs of the cities of Aberdeen, Hoquiam, Cosmopolis and the surrounding territory. It comes within the statutory definition of a "street railway" and also within the statutory definition of an "electric company."

[1] Reported in 274 Pac. 791.

Prior to the year 1915, and pursuant to Rem. Comp. Stat., § 10441, a valuation was made of the properties belonging to the company, and during the year 1915, a supplemental order was entered fixing the values of the property as of date June 30, 1915. There have been no subsequent valuation orders made, and neither of the orders separately valued the electric property and the street railway property. In October, 1927, complaint was filed with the department of public works of the state of Washington relative to the electric rates of appellant. Upon notice being given, the department proceeded by its engineers to commence a study of appellant's electric properties with a view to a revaluation thereof.

Thereafter appellant sought and obtained an alternative writ of prohibition in the superior court, alleging generally that the department was proceeding to disregard its original and primary valuation and to make an entirely new valuation; alleging that such procedure was without and in excess of the jurisdiction of the department; alleging that, if the department was permitted to proceed, irreparable damage would result, and it would impose a large amount of additional cost and expense upon the appellant if a new valuation was made at that time rather than obtaining the value by use of additions and betterments to the primary valuation made in 1915.

Respondents filed their answer, making certain admissions and denials, and alleged affirmatively that the valuation orders of its predecessor showed palpable error in that there was no separate valuation made of the electric properties and the street railway properties; alleged that many of the records pertaining to said valuation were lost to the department, and that it was therefore impossible for the department to segregate such values as of the date fixed in the prior or-

ders; alleged that twelve years had passed since the date of such first valuations; that there had been a complete change in the conditions since the time of the first valuation, of the combined properties; that it would be impossible and impracticable to make a valuation by net additions and betterments. They alleged further that the complaint is made with reference to the electric rates only and that there has been no original and primary valuation of the electric property.

These allegations were denied by appellant's reply, and after trial covering several days, the court found that it was a disputed fact as to whether appellant might be put to any particular amount of extra expense on account of the proposed method of procedure. Also that it was a disputed fact as to whether there was palpable error in the original appraisement; found that the department had jurisdiction of the subject-matter; found that the only question on the application for the writ was whether the department was proceeding erroneously, and held that appellant had a plain, speedy and adequate remedy at law by appeal, and that prohibition was not the proper remedy, and therefore dismissed the petition and quashed the alternative writ. This appeal follows.

The first question to be determined is whether or not prohibition will lie under the state of facts as shown above.

The department of public works is vested by chapter 117 of the Laws of 1911, p. 538 [Rem. Comp. Stat., § 10339 *et seq.*] with original and exclusive jurisdiction in the matter of rate-making by public service corporations. The act specifically provides a remedy by appeal. We have held that a writ of prohibition is a proper remedy where the department is attempting to act without jurisdiction or in excess of its jurisdiction. *State ex rel. Gillespie v. Kuykendall*, 117

Wash. 415, 201 Pac. 778. But in a practically unbroken line of decisions we have followed the general rule that prohibition is not available where there is a remedy by appeal, some of our more recent cases being: *State ex rel. Sumner-Tacoma Stage Co. v. Superior Court,* 138 Wash. 376, 244 Pac. 734; *State ex rel. Chin v. Superior Court,* 139 Wash. 449, 247 Pac. 738; *State ex rel. Walker v. Superior Court,* 148 Wash. 610, 270 Pac. 126. Where, as in this case, the department has jurisdiction of the parties and of the subject-matter of the controversy, and the right of appeal is specifically granted by the statute, prohibition will not lie because the department is attempting to exercise its jurisdiction in an erroneous manner.

"The court has jurisdiction of the subject-matter and of the parties and may proceed and exercise jurisdiction, even though it may do so erroneously. *State ex rel. Port Orchard Inv. Co. v. Superior Court,* 31 Wash. 410, 71 Pac. 1100; *State ex rel. Korsstrom v. Superior Court,* 48 Wash. 671, 94 Pac. 672; *State ex rel. Teeter v. Superior Court,* 110 Wash. 255, 188 Pac. 391; *State ex rel. McGlothern v. Superior Court,* 112 Wash. 501, 192 Pac. 937; *State ex rel. Godfrey v. Superior Court,* 111 Wash. 101, 189 Pac. 256." *State ex rel. McClaskey v. Superior Court,* 115 Wash. 354, 197 Pac. 30.

See, also, *State ex rel. Potter v. Superior Court,* 135 Wash. 344, 237 Pac. 717.

Appellant strenuously urges that the revaluation will inflict great hardship upon it because of the fact that it will cost it an excessive amount of money to obtain the necessary witnesses and make proper preparation for a new hearing. It is apparent, however, from the testimony that the loss which appellant claims it would suffer by reason of the revaluation of its property is one which it will voluntarily assume for its own protection, and not one which is required by law. And even the fact that the exercise

of jurisdiction may inflict a hardship, is not ground for prohibition. *State ex rel. West Seattle v. Superior Court,* 36 Wash. 566, 79 Pac. 29; *State ex rel. Sowders v. Superior Court,* 105 Wash. 684, 179 Pac. 79; *Philadelphia City Passenger R. Co. v. Public Service Comm.* 114 Atl. (Pa. St.) 642.

We therefore hold that if it should finally appear that the department is proceeding improperly appellant has an adequate remedy by appeal.

The judgment of the lower court is therefore affirmed.

PARKER, MAIN, TOLMAN, and MILLARD, JJ., concur.