[No. 28634. Department Two. July 24, 1942.]

THE STATE OF WASHINGTON, *on the Relation of* A. H.
O'BRIEN, *Appellant,* v. THE POLICE COURT OF THE
CITY OF SEATTLE *et al., Respondents.*[1]

[1]Reported in 128 P. (2d) 332.

*Vanderveer, Bassett & Geisness,* for appellant.

*A. C. Van Soelen, George T. McGillivray,* and *Charles L. Conley,* for respondents.

STEINERT, J.—This is an appeal from a judgment of the superior court denying relator's petition for a writ of prohibition to restrain the respondent judge of the police court from taking further proceedings in a criminal action previously instituted against the relator in the respondent inferior court.

Appellant's petition for the writ was based upon an affidavit made by his attorney. The facts alleged in the affidavit are, in substance, as follows:

On August 1, 1941, a complaint was filed in the police court of the city of Seattle, charging appellant with the crime of disorderly conduct. Appellant was arrested, and the case was set for trial on August 4th, at which time the Honorable Simon Wampold was presiding as judge, *pro tempore,* of that court, in the absence of the Honorable William F. Devin, the regular police court judge. At the appointed time, appellant appeared in that court, in person and by counsel, and announced that he was ready for trial, but at the request of the city attorney consented to a continuance, and the cause

was thereupon reassigned for trial on August 12th. On the latter date, appellant again appeared in court with his counsel and had present with him his three witnesses. The city attorney moved for another continuance, on the ground of absence of certain witnesses for the city, although it then appeared that these witnesses had not been subpoenaed. Appellant objected to a further continuance and offered to stipulate that the absent witnesses would, if present, testify as the city should claim they would. After argument, the court granted the city's motion and continued the case to August 15th, at the same time directing the city attorney to subpoena the witnesses and admonishing him that no further continuance would be granted.

On the morning of August 15th, appellant again appeared in court, ready for trial. The city, however, moved for a third continuance, on the ground that it had not been able to subpoena some of its witnesses and on the further ground that the complaining witness in the case was ill and unable to attend the trial. Over the objection of appellant, and despite the renewal of his former offer to stipulate as to what the absent witnesses would testify, Judge Wampold continued the case until one-thirty o'clock in the afternoon of the same day for the purpose of enabling the city to make a proper showing of the illness of the complaining witness. At the afternoon session of court, the city attorney was unable to produce satisfactory evidence of the illness of that witness or of his inability to attend the trial. The court, after reviewing the circumstances as set forth above, announced that the city's motion for further continuance would be denied. The appellant thereupon entered a plea of not guilty.

The city attorney, being unable to proceed with the trial, asked that the case be stricken from the calendar. Appellant's counsel countered with a motion to dismiss

the case for lack of prosecution. After argument by respective counsel, Judge Wampold announced that he was dismissing the charge against appellant because of lack of prosecution and was directing that the latter be released from custody.

Thereafter, on August 21, 1941, the city served upon appellant's counsel a motion for an order setting the cause for trial on a subsequent date. The motion was noted for hearing on August 27th, and was argued before respondent, Judge William F. Devin, who in the meantime had resumed active duty as judge of the police court. The appellant appeared specially and challenged the jurisdiction of the court to proceed further with the case. At the same time, appellant's counsel made available to Judge Devin a transcript of the proceedings alleged to have taken place before Judge Wampold, as previously outlined. Judge Devin refused, however, to consider the transcript, but instead read from his docket an entry purportedly made by Judge Wampold, under date of August 15th, to the effect that the cause had been "stricken" for lack of prosecution and the appellant discharged from custody. Resting his decision on the official entry alone, Judge Devin ruled that the court still had jurisdiction of appellant and accordingly set the case for trial on September 30th. Our statement thus far is based upon the allegations contained in the affidavit made by appellant's attorney.

On September 26, 1941, appellant applied to the superior court for a writ of prohibition to be directed to the respondent Judge Devin, restraining him from proceeding further with the cause originally instituted in the police court. On the basis of the affidavit just mentioned, the superior court issued an alternative writ of prohibition and order to show cause directed to the respondent judge. In his return to the writ and

order to show cause, respondent answered that the official records of the police court showed, with reference to the criminal action against appellant, an entry on August 15, in the handwriting of Judge Wampold himself, reading as follows:

"*Strike* case from calendar for lack of prosecution. Dismissed from custody." (Italics ours.)

and that respondent had therefore ruled that the police court still had jurisdiction of the cause.

When the matter came on for final hearing before the superior court on appellant's application for a permanent writ of prohibition, the city interposed an oral demurrer to the petition. After argument by counsel, the court rendered an oral decision holding that the permanent writ should not issue. Upon a rehearing, briefs were submitted by counsel, and the court thereafter filed a memorandum opinion adhering to its original view. Subsequently, the court entered judgment which contained a prefatory recital that the court had considered the files and records in the cause, and concluded with an order denying the issuance of a permanent writ. From that judgment this appeal was taken.

The question presented upon the appeal is whether, on the record now before us, the appellant is entitled to a writ of prohibition restraining the respondent judge from proceeding further in the criminal action brought against the appellant in the police court.

Under Rem. Rev. Stat., §§ 1027, 1028 [P. C. §§ 8386, 8387], a writ of prohibition may be issued by any court, except police or justices' courts, against an inferior tribunal when that tribunal is acting without or in excess of its jurisdiction and there is no plain, speedy, and adequate remedy in the ordinary course of law available to protect the rights of the complaining party. These sections of the statute require the exis-

tence of two conditions in order to make the writ available: (1) Absence or excess of jurisdiction, and (2) absence of a plain, speedy, and adequate remedy in the ordinary course of legal procedure. *State ex rel. Mc-Glothern v. Superior Court,* 112 Wash. 501, 192 Pac. 937; *State ex rel. Ernst v. Superior Court,* 198 Wash. 133, 87 P. (2d) 294; 5 Bancroft, Code Practice and Remedies (5th ed.) 5304, § 4040.

 Upon the record brought to this court, we would not be warranted in holding that Judge Devin acted without or in excess of his jurisdiction. It may be true, as contended by appellant and as indicated by the transcript on which he relies, that Judge Wampold on August 15th *dismissed* the action for lack of prosecution. But according to Judge Devin's return to the order to show cause, the official records of the police court disclose, in the handwriting of Judge Wampold himself, that on that day the case had merely been *stricken* from the calendar for lack of prosecution and the appellant discharged from custody.

If the case was dismissed by Judge Wampold rather than merely stricken, then it may be conceded that the police court had no further jurisdiction therein. But if, on the other hand, the case was simply stricken from the calendar, then the court still retained jurisdiction thereof and could later set it for trial, even though appellant had been released from custody. The question of jurisdiction thus depended upon the determination of a preliminary fact, namely, whether the case had been dismissed or whether it had merely been stricken. That question was one which the police court itself was empowered and required to decide in the first instance. In other words, that court had jurisdiction to consider the evidence and determine the facts necessary to establish its jurisdiction or its lack of jurisdiction to proceed further with the cause. The

court may, or may not, have erred in its conclusion as to the existing status of the case at that time, although it seems to us that an entry made in the official records by Judge Wampold, who then had charge of the matter, should prevail over a mere transcript which, so far as the record here discloses, is not certified or signed by anyone.

If, however, Judge Devin erred in his decision on the question of jurisdiction, it was an error capable of being reviewed on appeal, after final judgment in that court. But such error, if any there was, afforded no basis for the issuance of a writ of prohibition to revoke or control the court's exercise of discretion concerning the question which it was required to decide and upon which appellant himself had invoked a decision. On application for the extraordinary writ of prohibition, no question involving the exercise of judgment or discretion will be reviewed. *State ex rel. Panos v. Superior Court,* 188 Wash. 382, 62 P. (2d) 1098.

The term "without or in excess of the jurisdiction of such tribunal," as used in the statute, does not have reference to an error in law or fact committed in the exercise of such jurisdiction as the court may at the time possess. *State ex rel. Meyer v. Clifford,* 78 Wash. 555, 139 Pac. 650.

Assuming, however, that the police court did not have jurisdiction to proceed further in the criminal action, we are still of the belief that appellant was not entitled to the remedy he now seeks. The rule is well settled in this state, as elsewhere, that prohibition will not lie when the court is proceeding without or in excess of its jurisdiction, if there be an adequate remedy by appeal. *State ex rel. Miller v. Superior Court,* 40 Wash. 555, 82 Pac. 875, 111 Am. St. 925, 2 L. R. A. (N. S.) 395; *State ex rel. Lyon v. Police Court of Hoquiam,* 53 Wash. 361, 101 Pac. 1082; *State ex rel.*

*Peterson v. Superior Court,* 67 Wash. 370, 121 Pac. 836; *State ex rel. Potter v. Superior Court,* 135 Wash. 344, 237 Pac. 717; *State ex rel. Chin v. Superior Court,* 139 Wash. 449, 247 Pac. 738; *State ex rel. Park. v. Superior Court,* 142 Wash. 366, 253 Pac. 111; *State ex rel. Miller v. Bell,* 157 Wash. 279, 289 Pac. 25; *State ex rel. Canadian Bank of Commerce v. Superior Court,* 162 Wash. 377, 298 Pac. 716; *State ex rel. Ernst v. Superior Court,* 198 Wash. 133, 87 P. (2d) 294; *State ex rel. Sibbald v. Huntington,* 1 Wn. (2d) 413, 96 P. (2d) 446; High, Extraordinary Legal Remedies (3d ed.) § 770.

In the *Ernst* case, *supra,* we said:

"The writ of prohibition is a drastic remedy, and can be resorted to against a judicial tribunal only in strict accordance with the statute which permits its issuance, and is never favored where the party may invoke other remedies provided by law."

The character, function, and limitation upon the use of such writ are thus stated in High's Treatise on Extraordinary Legal Remedies (3d ed.) 709, § 765:

"Nor is it a writ of right, granted *ex debito justitiae,* but rather one of sound judicial discretion, to be granted or withheld according to the circumstances of each particular case. And being a prerogative writ, it is to be used, like all other prerogative writs, with great caution and forbearance, for the furtherance of justice and to secure order and regularity in judicial proceedings, when none of the ordinary remedies provided by law are applicable."

A remedy is not inadequate merely because it is attended with delay, expense, annoyance, or even some hardship. *State ex rel. Carrau v. Superior Court,* 30 Wash. 700, 71 Pac. 648; *State ex rel. Seattle v. Superior Court,* 36 Wash. 566, 79 Pac. 29; *State ex rel. Miller v. Superior Court, supra; State ex rel. Board of Commissioners v. Superior Court,* 73 Wash. 296, 131 Pac. 816; *State ex rel. Grays Harbor R. & Light Co. v.*

*Denney,* 150 Wash. 690, 274 Pac. 791; *State ex rel. Ernst v. Superior Court, supra; State ex rel. Sibbald v. Huntington, supra.* As stated in the *Miller* case,

"There must be something in the nature of the action or proceeding that makes it apparent to this court that it will not be able to protect the rights of the litigants or afford them adequate redress, otherwise than through the exercise of this extraordinary jurisdiction."

■ The question as to what constitutes a plain, speedy, and adequate remedy is not dependent upon any general rule, but upon the facts of each particular case, and its determination therefore rests in the sound discretion of the court in which the proceeding is instituted. 5 Bancroft, Code Practice and Remedies 5305, § 4041, and 4 Ten Year Supplement, 3049, § 4041; Ferris, Extraordinary Legal Remedies (1926), § 323; 50 C. J. 686, Prohibition, § 59; 22 R. C. L. 11, Prohibition, § 9.

■ Having in mind the character and function of the writ of prohibition, and considering all the facts and circumstances shown by the record herein, we are impelled to conclude that the superior court did not abuse its discretion in holding that appellant had a "plain, speedy, and adequate remedy in the course of legal procedure." The remedy was plain, for by Rem. Rev. Stat., § 8993 [P. C. § 9475], all civil or criminal proceedings before a police judge and any judgment rendered by him are subject to review in the superior court by writ of review or appeal. The remedy was speedy, for by Rem. Rev. Stat. (Sup.), §§ 8993-1 and 8993-4 [P. C. §§ 9475-21 and 9475-24] the appellant could, immediately upon entry of judgment in the police court, take an appeal to the superior court, have the case set for trial at the earliest open date thereafter, and obtain a trial *de novo.* The remedy was

adequate, for if the appellant were ultimately convicted in the police court, the question of the jurisdiction of that court could on appeal be raised and determined in the superior court. It is to be remembered that the question before us is not whether the police court had *inherent* jurisdiction of criminal causes such as that involved here, but simply whether in the progress of that case the court had lost the jurisdiction which it once had. No emergency was presented by the situation, and appellant was not faced with immediate punishment, nor with any great or irreparable loss, nor with any detriment other than that of possible delay and some expense. He was no longer in custody and, had he been rearrested, he could at once have obtained his release by giving the necessary bond. We perceive no reason in this case for permitting resort to the extraordinary remedy afforded by a writ of prohibition.

The judgment is affirmed.

ROBINSON, C. J., BEALS, BLAKE, and JEFFERS, JJ., concur.