**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

**FILE**

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
SEPTEMBER 8, 2022

*González, C.J.*
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
SEPTEMBER 8, 2022

ERIN L. LENNON
SUPREME COURT CLERK

IN THE SUPREME COURT OF THE STATE OF WASHINGTON

KING COUNTY,                                    )
                                                )
            Petitioner,                         )          No. 100731-1
                                                )
      v.                                        )          Filed: September 8, 2022
                                                )
THE HON. PHILIP K. SORENSEN,                    )
                                                )
            Respondent.                         )
                                                )
_____)

OWENS, J.—King County asks this court for a writ of mandamus compelling Judge Philip K. Sorensen, presiding judge of the Pierce County Superior Court, to turn over court reporters' backup audiotapes and to search court employees' private files and devices for records responsive to its records request.

We dismiss King County's petition because it fails to demonstrate why we should grant the extraordinary remedy of a writ of mandamus. In doing so, we hold that a superior court presiding judge is not the proper subject of a writ of mandamus to turn over audiotapes or other records under GR 31 or GR 31.1. Additionally, King

*King County v. Sorensen*, No. 100731-1

County has a plain, speedy, adequate remedy that precludes issuing a writ of mandamus. Accordingly, we dismiss King County's petition.

## I. FACTS AND PROCEDURAL HISTORY

*A.* LaRose v. King County[1] *Trial*

Former King County public defender Sheila LaRose sued King County, alleging a hostile work environment caused by one of her client's stalking behavior. The case proceeded to trial before Judge Stanley J. Rumbaugh in Pierce County Superior Court. At trial, the jury awarded LaRose $7 million in damages, and later, an additional $4,927,912.27 was awarded in attorney fees and costs.

King County appealed the judgment. The appeal was stayed pending King County's petition for a writ of mandamus before this court. Through its petition, King County seeks all audio recordings from the trial to evaluate and present issues related to potential judicial misconduct by Judge Rumbaugh, which brings us back to the *LaRose* trial.

During trial, Patty Eakes, of the Calfo Eakes law firm and counsel for King County, became concerned that Judge Rumbaugh was hostile toward her in front of the jury and that such hostility gave the jury a negative impression of her, King County, and their side of the case. Other witnesses similarly viewed Judge Rumbaugh's comments as being hostile toward Ms. Eakes.

---

[1] No. 15-2-13418-9 (Pierce County Super. Ct.).

*King County v. Sorensen*, No. 100731-1

To assess whether King County had a viable claim for judicial misconduct, Ms. Eakes moved for production of the audio recordings of the trial. Judge Rumbaugh denied the motion, telling Ms. Eakes that she could file a public records request, but that the court does not turn over audio tapes. Later that day, Ms. Eakes' staff e-mailed the court reporters requesting they preserve the audio recordings of trial. Additionally, Ms. Eakes' staff formally requested the audio recordings of the trial from the Pierce County Superior Court under GR 31.1 and Pierce County Local General Rule (PCLGR) 31.1. The specific request was for "[a]ll audio recordings of the trial for LaRose v. King County." Clerk's Papers (CP) at 87. In response to Eakes' request, the Pierce County public records officer, Mary Madden, wrote by letter that the request was reviewed and that "no records will be provided by Pierce County Superior Court Administration as we do not have any responsive records." CP at 89.

B.      *Audio Recording Procedures in Pierce County Superior Court*

In Pierce County Superior Court, some courtrooms are deemed "electronic" courtrooms, where an electronic audio recording must be taken and filed with the court clerk. Other courtrooms are designated as solely "court reporter" courtrooms, where stenographic notes are the only method of recording proceedings.

The *LaRose* trial took place in a traditional "court reporter" courtroom. Three individuals served as court reporters during the *LaRose* trial. None of these court

reporters were directed to provide a CR 80 electronic recording of the proceedings in addition to their stenographic notes.

C.      *Initial Request for All Documents Related to Audio Recordings*

After the trial ended, Calfo Eakes filed another record request, this time under the Public Records Act (PRA), ch. 42.56 RCW, for all "all audio recordings of the trial" and "all documents, including written communications (such as emails), referencing, discussing, or otherwise relating to the recordings of the trial in the above-referenced case." CP at 94. Madden responded that while the PRA does not apply to courts, GR 31 and GR 31.1 cover Calfo Eakes' request. Madden indicated that the court would search for responsive records, but that the court did not have any audio recordings of the trial so there were no responsive audio records. Madden subsequently informed Calfo Eakes that 252 records were potentially responsive and that the court needed to finish reviewing those records. Eventually Madden acknowledged audio recordings of the trial existed, but they were the court reporters' private work product. Upon reviewing the 252 potentially responsive records, Madden informed Calfo Eakes that only 7 records were responsive.

King County Senior Deputy Prosecutor David Hackett separately requested the audio recordings as administrative records under GR 31.1. After further e-mail exchange, Madden issued a final denial of King County's request for the audio recordings, explaining they are not court records under GR 31.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*King County v. Sorensen*, No. 100731-1

D.      *Judge Sorensen's Internal Review*

Under GR 31.1, PCLGR 31.1, and Pierce County Policy (PCP) No. 6, a records requestor is required to petition for internal review of the public records officer's decision within 90 days.  In accordance with these rules and policies, on January 28, 2022, King County submitted its internal review request with Presiding Judge Sorensen.  As part of its letter accompanying the internal review request, King County also asked for a more thorough search of e-mails responsive to King County's records request.

On February 17, 2022, Judge Sorensen completed King County's request for internal review.  Judge Sorensen affirmed Madden's decision not to turn over the audio recordings, explaining, "I have reviewed the decisions of the Public Records Office and I decline to change them."  CP at 1.  But Judge Sorensen provided an additional 56 pages of documents responsive to King County's request, saying the documents represented "the complete inventory of requested emails."  *Id.*

E.      *Petition for Writ of Mandamus*

After reviewing Judge Sorensen's internal review, King County filed this original action for a writ of mandamus against Judge Sorensen under article IV, section 4 of the Washington Constitution.  King County seeks to compel Judge Sorensen to complete four actions:  (1) immediately produce all audio recordings of the *LaRose* trial proceedings to King County, (2) search all personal and county accounts of employees of the Pierce County Superior Court and its elected officials

5

*King County v. Sorensen*, No. 100731-1

for e-mails and other documents responsive to King County's request for records, (3) document the search requests made by the Pierce County Superior Court and the responses to those requests, and (4) prepare a log stating the reasons for any redactions to responsive documents or the reasons for withholding an otherwise responsive document.

The commissioner referred this case to the court for a decision on the merits. The parties have submitted supplemental briefs, and three amicus curiae briefs have been filed. Sheila LaRose filed a brief in support of Judge Sorensen. The Public Defender Association and the Allied Daily Newspapers of Washington and Washington Coalition for Open Government filed briefs in support of King County.

## II. ANALYSIS

King County seeks a writ of mandamus to compel Judge Sorensen to produce all audio recordings of the *LaRose* trial and all other responsive records, to document the search requests and responses, and to prepare a privilege log for any responsive records that Pierce County withheld.

At the outset, we note that mandamus is "an extraordinary writ." *Walker v. Munro*, 124 Wn.2d 402, 407, 879 P.2d 920 (1994). To obtain a writ of mandamus, the petitioner must demonstrate (1) the party subject to the writ has a clear duty to act, (2) the petitioner has no plain, speedy, and adequate remedy in the ordinary course of law, and (3) the petitioner is beneficially interested. *Seattle Times v. Serko*, 170 Wn.2d 581, 588-89, 243 P.3d 919 (2010). But even upon showing these

6

*King County v. Sorensen*, No. 100731-1

requirements, a party is not entitled to a writ of mandamus. This is because our jurisdiction to issue such a writ is nonexclusive and discretionary. *Walker*, 124 Wn.2d at 407.

Under this standard, King County fails to show that a writ of mandamus is appropriate. King County fails to show that Judge Sorensen has a clear duty to personally respond to record requests and search for responsive records under GR 31 and GR 31.1. Additionally, King County has plain, speedy, and adequate remedies in the ordinary course of law. Accordingly, we dismiss King County's petition for an extraordinary writ of mandamus.

A.     *King County Fails To Show Judge Sorensen Failed To Comply with a Clear Duty To Act under GR 31 or GR 31.1*

First, King County must show Judge Sorensen has a clear duty to provide access to the court reporters' backup audiotapes. King County argues Judge Sorensen has a duty to provide access to the tapes as court records under GR 31 or administrative records under GR 31.1. Conversely, Judge Sorensen claims he does not individually owe a duty to disclose court records or administrative records; those duties belong to the superior court clerk. The plain language of both GR 31 and GR 31.1 support Judge Sorensen's position that the duty to provide access to records under GR 31 and GR 31.1 does not fall on the superior court presiding judge.

*King County v. Sorensen*, No. 100731-1

    1.  *The Duty To Respond to Requests for Court Records under GR 31 Belongs to the Superior Court Clerk*

GR 31 states that "[i]t is the policy of the courts to facilitate access to court records as provided by Article I, Section 10[2] of the Washington State Constitution." GR 31(a). To effectuate this policy, GR 31 provides the substantive rule that the "public shall have access to all court records except as restricted by federal law, state law, court rule, court order, or case law." GR 31(d)(1).

While the rule clearly states the public has a right to access court records, the rule does not explicitly state to whom the duty falls. But GR 31 implies the duty belongs to each court as an entity or to the court clerk. The rule specifies that "[e]ach *court* by action of a majority of the judges may from time to time make and amend local rules governing access to court records not inconsistent with this rule." GR 31(d)(2) (emphasis added). The rule also states the "*Court or the Clerk* will not review each pleading for compliance with this rule" regarding omitting or redacting personal identifiers. GR 31(e)(2) (emphasis added). Finally, GR 31(g)(2) provides that "[a] request for bulk distribution of court records may be denied if providing the information will create an undue burden on *court or court clerk* operations because of the amount of equipment, materials, staff time, computer time or other resources required to satisfy the request." (Emphasis added.)

---

[2] Article I, section 10 provides that "[j]ustice in all cases shall be administered openly, and without unnecessary delay." WASH. CONST. art. I, § 10.

8

*King County v. Sorensen*, No. 100731-1

The repeated references to the "court" and "clerk" indicate GR 31 imposes the duty to provide access to court records on a court as a collective entity and court clerks, not on individual judges. Reading GR 31 to impose the duty to provide access to court records on the superior court clerk is also supported by statute. Both RCW 2.32.050(3) and RCW 36.23.030 place a duty to keep records on the clerk of the superior court. The court clerk also has a duty to publish notice of the procedures for inspecting court records. RCW 2.32.050(10).

In line with this interpretation of GR 31, PCP No. 6 directs individuals to file court record requests with the Pierce County Superior Court clerk. Thus, in Pierce County Superior Court, the duty to provide access to court records belongs to the court clerk, not the presiding judge. Accordingly, Judge Sorensen does not have a duty to provide access to court records under GR 31.

### 2. The Duty To Respond to Requests for Administrative Records under GR 31.1 Belongs to the Public Records Officer

GR 31.1 complements GR 31 by providing access to administrative records. The rule provides that "[c]onsistent with the principles of open administration of justice as provided in article I, section 10 of the Washington State Constitution, it is the policy of the judiciary to facilitate access to administrative records." GR 31.1(a).

GR 31.1 explicitly lists what entities fall under the rule: it applies to the Supreme Court, the Court of Appeals, the superior courts, the district and municipal courts, and a list of specific judicial agencies. GR 31.1(k)(1). The rule clarifies that

9

*King County v. Sorensen*, No. 100731-1

"[a] judicial officer is not a court or judicial agency." GR 31.1(k)(3). The comment to that subsection explains that "[t]his provision protects judges and court commissioners from having to respond personally to public records requests. Records requests would instead go to the court's public records officer." *Id.* Thus, GR 31.1 expressly states an individual judge is not personally responsible for responding to public records requests. Rather, the duty to respond to record requests and disclose records belongs to the court, which is in turn delegated to the public records officer.

### 3. GR 31.1(d)(3) Imposes a Discretionary Duty To Conduct an Informal Review, Which Judge Sorensen Fulfilled

To get around the language of GR 31.1, King County argues GR 29 effectively delegates the superior court's duty to respond to records requests to the presiding judge. Under GR 29, the "Presiding Judge is responsible for leading the management and administration of the court's business, recommending policies and procedures that improve the court's effectiveness, and allocating resources in a way that maximizes the court's ability to resolve disputes fairly and expeditiously." GR 29(e). The rule further provides that the presiding judge shall "[s]upervise the daily operation of the court," including "personnel assigned to perform court functions" and "personnel employed under the judicial branch of government." GR 29(f)(5)(a)-(b).

Additionally, King County points to GR 31.1(d)(3)'s internal review process as evidence that Judge Sorensen has a clear duty to act. Subsection (d)(3) requires the

10

*King County v. Sorensen*, No. 100731-1

presiding judge to provide an "informal and summary" review of the public records

officer's response to a GR 31.1 administrative records request. GR 31.1(d)(3).[3]

Reading GR 29 and GR 31.1(d)(3) together, King County claims "Judge

Sorensen's clear legal duty in this context is to facilitate compliance with GR 31.1 by

the superior court that he represents as its presiding administrative judicial officer."

King County's Reply in Supp. of Pet. for Writ of Mandamus at 10. We disagree.

GR 29 does not delegate additional duties to a presiding judge simply because

they possess supervisory authority over court employees. Such a rule would

effectively delegate every duty any court employee has to the presiding judge, which

would drastically expand the availability of a writ of mandamus via an original action

in our court.

Further, GR 31.1(d)(3) imposes a duty only to conduct an informal and

summary review. This duty is discretionary as it leaves the decision of whether to

affirm or depart from the public record officer's response. *See SEIU Healthcare*

*775NW v. Gregoire*, 168 Wn.2d 593, 599, 229 P.3d 774 (2010) (an act is

discretionary, not ministerial, where it involves the exercise of discretion or judgment

(quoting *State v. City of Seattle*, 137 Wash. 455, 461, 242 P. 966 (1926))). And as our

precedent makes clear, "[a] court may compel a state officer to perform a

---

[3] PCP No. 6 delegates the superior court's power to perform an internal review to the presiding judge. *See* CP at 123-25 ("The Presiding Judge or designee will complete the internal review and provide a written response to the requestor.").

11

*King County v. Sorensen*, No. 100731-1

discretionary duty but cannot direct how such discretion shall be exercised." *Brown v. Owen*, 165 Wn.2d 706, 725, 206 P.3d 310 (2009). Here, there is nothing to compel because Judge Sorensen exercised his discretion in affirming Madden's decision to decline access to the court reporters' tapes. Therefore, Judge Sorensen fulfilled his discretionary duty under GR 31.1(d)(3), and a writ of mandamus cannot redirect Judge Sorensen's discretion.

Accordingly, King County fails to meet its burden in proving that Judge Sorensen failed to carry out a clear duty to act.[4]

B.      *King County Has a Plain, Speedy, and Adequate Remedy in the Ordinary Course of Law*

Even if Judge Sorensen had a clear duty to act, King County also falls short in showing it lacks a plain, speedy, and adequate remedy in the course of law.

A party seeking a writ of mandamus must also show they have no plain, speedy, and adequate remedy in the ordinary course of law. *Seattle Times*, 170 Wn.2d at 588. In determining whether a plain, speedy, and adequate remedy exists, we rely on the facts of the particular case. *State ex rel. O'Brien v. Police Ct.*, 14 Wn.2d 340, 348, 128 P.2d 332 (1942). But a remedy is not inadequate "merely because it is attended with delay, expense, annoyance, or even some hardship." *Id.* at 347-48. Instead, there must be something in the nature of the action that makes it apparent that

---

[4] Because Judge Sorensen does not individually owe a duty to provide access to records under GR 31 or GR 31.1, we need not analyze whether a court reporter's backup audiotape is a court record or an administrative record.

12

*King County v. Sorensen*, No. 100731-1

the rights of the litigants will not be protected or full redress will not be afforded without the writ. *Id.*

Our recent cases make clear that if a party can seek a declaratory judgment, then that party has a plain, speedy, adequate remedy and mandamus is not appropriate. *See Riddle v. Elofson*, 193 Wn.2d 423, 436, 439 P.3d 647 (2019) (plurality opinion) (writ of prohibition not available where party can obtain relief through a declaratory judgment); *see also Burrowes v. Killian*, 195 Wn.2d 350, 356-57, 459 P.3d 1082 (2020) (writ of mandamus not available where party can seek declaratory judgment to determine validity of local rule). This rule applies here as King County can seek a declaratory judgment in Pierce County to determine whether the superior court clerk has a duty to turn over the backup audiotapes under GR 31 or GR 31.1.

King County argues that seeking a declaratory judgment in Pierce County is not speedy or adequate as it could require the entire Pierce County Superior Court to recuse and retain a visiting judge. But as we stated in *O'Brien*, a remedy is not inadequate merely because it is attended with delay. 14 Wn.2d at 347-48. Thus, the delay in retaining a visiting judge alone is insufficient to show that seeking a declaratory judgment in Pierce County is an inadequate remedy.

### III. CONCLUSION

King County fails to show it is entitled to the extraordinary remedy of a writ of mandamus. Judge Sorensen does not have a clear duty to act under either GR 31 or GR 31.1 beyond his duty to conduct an informal review, which he fulfilled. Further,

13

*King County v. Sorensen*, No. 100731-1

King County has a plain, speedy, adequate remedy via a declaratory judgment action.

Accordingly, we dismiss King County's petition.

_____
Owens, J.

WE CONCUR:

_____
Johnson, J.

_____
Yu, J.

_____
Madsen, J.

_____
Okrent, J.P.T.

_____
Stephens, J.

_____

*King County v. The Hon. Philip K. Sorensen*, No. 100731-1 (González, C.J., concurring)

No. 100731-1

GONZÁLEZ, C.J. (concurring) — Judges have the inherent power and responsibility to manage their courtrooms. No one may record in the courtroom without permission from the judge. *See* GR 16. Trial court judges routinely authorize court reporters to record proceedings, sometimes on the court reporters' own equipment, in the interests of producing an accurate transcript. These recordings are not the official record of the proceedings, and the court reporters are not required to keep the recordings or to file them with the clerk of the court.

But court reporters have a solemn duty to protect these recordings and to use them as intended.[1] Court reporters may not sell their recordings, post them on the Internet, or share them with friends. These recordings must be used only for the limited purpose of perfecting the transcripts. They fall outside of the usual rules

---

[1] *Code of Professional Ethics*, WASH. STATE CT. REPS. ASS'N, https://www.washingtoncourtreporters.org/code-of-professional-ethics [https://perma.cc/AH94-BBAA].

1

*King County v. The Hon. Philip K. Sorensen*, No. 100731-1 (González, C.J., concurring)

about court records. Although they are audio recordings of public proceedings, the sensitive microphones used may capture hushed conversations at counsel table between an attorney and their client, which should never be made public. The court reporter has an ethical obligation to preserve the confidentiality and ensure the security of the information entrusted to them. *Code of Professional Ethics*, WASH. STATE CT. REPS. ASS'N., https://www.washingtoncourtreporters.org/code-of-professional-ethics [https://perma.cc/AH94-BBAA].

Usually, there is no need for anyone else to have these recordings. Here, arguably, they are relevant to King County's claim of bias of the judicial officer because they may show the tone of the judge's words not conveyed by a cold transcript. There must be some way for the county to obtain additional evidence on review, given the circumstances.

While I concur with the majority that King County has not shown it is entitled to a writ of mandamus against Judge Sorensen, the best outcome is for the recordings to be made available to the county with a protective order strictly limiting their use and retention. Because the court reporter must not share the recordings without permission from either the original trial judge, the presiding judge, or a reviewing court, in my view, that permission should be given, subject to appropriate protections, which may include an *in camera* review to remove privileged communications that may have been inadvertently captured.

2

*King County v. The Hon. Philip K. Sorensen*, No. 100731-1 (González, C.J., concurring)

With these observations, I respectfully concur.

González, C.J.

Gordon McCloud, J.

Lawrence-Berrey, J.P.T.