[No. 15715.  Department Two.  March 17, 1920.]

The State of Washington, *on the Relation of*
*H. A. Teeter, Plaintiff,* v. The Superior
Court for Chelan County, *Defendant.*[1]

Actions (31)—Commencement—Service of Summons Without
Filing Complaint—Statutes.  Failure to serve a summons within
90 days after filing the complaint, as provided by Rem. Code, § 321,
does not lose the cause of action; and service of a summons there-
after is the commencement of a new action dating from the day of
service.

Limitation of Actions (87)—Pleading Statute as Defense—
Necessity.  The statute of limitations is a defense that is waived
by default or failure to interpose it.

Prohibition (5)—Remedy by Appeal—Proceeding With Trial.
Prohibition does not lie to control the action of the trial court in
ruling as to the bar of the statute of limitations, where it had
jurisdiction of the subject-matter of the action and the ruling would
merely be error occurring in the progress of the cause.

Application filed in the supreme court January 9,
1920, for a writ of prohibition to prevent the superior
court for Chelan county, Grimshaw, J., from proceed-
ing with an action on contract.  Denied.

*Ludington & Shiner,* for relator.

*Hughes & Adams* and *W. O. Parr,* for defendant.

Fullerton, J.—On December 31, 1918, the Columbia
Valley Bank, as trustee, filed a complaint in the supe-
rior court of Chelan county in which it sought to re-
cover against the relator upon two promissory notes.
No service of summons was had upon him within
ninety days after the filing of the complaint, nor until
June 23, 1919, when service was made by leaving a
copy of the summons and complaint at the house of
his usual abode with a person of suitable age and dis-

[1]Reported in 188 Pac. 391.

cretion then resident therein, to wit, his wife. After the service, the relator appeared specially in the action and moved to quash the same, which motion the trial court denied. Prior to the time the relator made any further appearance in the cause, a notice of trial was served upon him, whereupon he made the application now before us, asking a writ prohibiting the trial court from further proceeding in the cause.

The application for the writ is based on the contentions, first, that the court is without jurisdiction of the subject-matter of the action; and second, that it is without jurisdiction of the person of the relator.

To an understanding of the first of these contentions, it is necessary to notice the statutes relating to the commencement of actions. The statute provides two methods of commencing an action; first, by the filing of a complaint and the service of summons within ninety days thereafter; and second, by the service of summons on the defendant. Rem. Code, § 220. Where the summons is served without first filing the complaint, the complaint may be filed on or before the day when the case is called for trial, or the day when an application is made to the court for an order therein. Id., § 321. The statute also provides that an action is not deemed commenced so as to toll the statute of limitations until the complaint is filed. Id., § 167. *Blalock v. Condon,* 51 Wash. 604, 99 Pac. 733.

In *McPhee v. Nida,* 60 Wash. 619, 111 Pac. 1049, reviewing these statutes, we held that a suitor did not lose his cause of action by failing to serve a summons within ninety days after filing his complaint, but that he might serve his summons after that time, in which case the service would be deemed the commencement of a new cause of action dating from the time of the service; further holding that no rights could be claimed

because of the original filing of the complaint. In the application for the writ in the proceeding before us, it appears that the statute of limitations ran against the notes sued upon between the time the complaint was filed in the court below and the time the summons on the complaint was actually served on the relator, and it is on this fact that the conclusion is rested that the court is without jurisdiction to entertain the action. But it is at once manifest that such a conclusion is unfounded. The statute of limitations is a defense, not a bar to an action. It is a defense, moreover, that may be waived, and a defendant does waive it when he defaults, or when he appears and fails to interpose it as a defense. Rem. Code, §§ 259, 260, 261. *Bay View Brewing Co. v. Grubb,* 31 Wash. 34, 71 Pac. 553. Hence, jurisdiction to entertain an action is not affected by the fact that it may appear upon the face of the complaint that the claim sued upon is subject to the bar of the statute of limitations, and this being true, it cannot be said that the court in entertaining such an action is acting without jurisdiction.

We have not overlooked the relator's contention that both the plaintiff and the trial court are proceeding in such a manner as to preclude "the possible argument that they consider the alleged service of June 25, 1919, as a new and separate proceeding, and therefore without the proviso of the statute." But as to the actions or claims of the party plaintiff in the action, the relator should not be concerned. In spite of what it may do or claim, the relator has the right to appear and interpose any defense to the action he may have. As to the trial court, it does not appear that it has as yet been called upon to rule upon the question. But if it had done so, and had held that the action was commenced at the time the complaint was filed and was

thus within the statute of limitations, this court would not, for that reason, be authorized to issue a writ of prohibition against it. The court has jurisdiction of the subject-matter of the action, and any error it commits in that respect is error in the exercise of jurisdiction, and subject to correction by an appeal, and not by a writ of prohibition.

The second contention is also without merit. It is founded on the contention that the court held there was a sufficient service of summons on the relator when there was in fact no such sufficient service. But if the contention be well taken, it furnishes no cause for the issuance by this court of a writ of prohibition.' It is but an error occurring in the progress of the cause which may be, and can only be, reviewed by an appeal from the final judgment. *State ex rel. Vincent v. Benson,* 21 Wash. 571, 58 Pac. 1066. The application is denied.

HOLCOMB, C. J., MOUNT, TOLMAN, and BRIDGES, JJ., concur.