In the Matter of Charles Howard
SHEFFIELD, Debtor.

Charles Howard SHEFFIELD, Plaintiff,

v.

Barbara Lee SHEFFIELD, Defendant.

Bankruptcy No. 82–03333A.
Adv. No. 82–2271A.

United States Bankruptcy Court,
N.D. Georgia.

Feb. 17, 1983.

William G. Posey, Douglasville, Ga., for
plaintiff.

Harry W. Krumenauer, Marietta, Ga., for
defendant.

MEMORANDUM OF OPINION

A.D. KAHN, Bankruptcy Judge.

The parties have agreed that the sole
question before the court is whether a child

support arrearage can be discharged under
the Bankruptcy Code.

The facts apparent from the record are as
follows: The parties' marriage ended in di-
vorce. The final judgment and decree di-
rected Plaintiff, the Debtor herein, to pay
child support to his spouse, Defendant here-
in. Ultimately the Defendant filed a con-
tempt action in the Superior Court of Cobb
County in 1979, to collect an arrearage of
child support. After an evidentiary hearing
the Superior Court found that Plaintiff was
in wilful contempt of court for failure to
pay child support as previously ordered, and
determined that Plaintiff was "in arrears in
the amount of $8,400.00." [1] The order as
subsequently amended stated:

> The Defendant [Plaintiff herein] may
> purge himself of this contempt by paying
> to the Plaintiff [Defendant herein] the
> sum of $15.00 per week, as child support
> for the minor child, plus the sum of
> $20.00 per week to be applied towards
> this arrearage, totalling $35.00 weekly,
> commencing Friday, May 25, 1979 and
> continuing until the child is age 21 years,
> married or self-supporting, and the ar-
> rearage is paid in full. [2]

It appears that Plaintiff ceased payment
of the arrearage as ordered by the court.
Defendant instituted a garnishment action
in March of 1982, and a judgment was
entered against the Plaintiff for $7,112.30.

Plaintiff-Debtor instituted the instant ac-
tion, alleging that Defendant claims a large
arrearage of over $7,000.00; that Defend-
ant garnished the wages of the Plaintiff;
that none of the garnished funds are used
in any way for support of the children, and
are used solely for the wife for repayment
of a debt claimed; that the children have
no need for support from their father; that
the claim is made by the mother individual-
ly and not as Trustee for the minor chil-
dren; and, that the Defendant's claim is a
debt to her and dischargeable in bankrupt-

---

1. *Sheffield v. Sheffield,* Civil Action File No.
21477 (Super.Ct. Cobb County Ga. May 29,
1979) (Order).

2. *Id.* (June 11, 1979) (Order).

cy, and is not for the support of minor children.

The question is whether the child support arrearage in the instant case is dischargeable in bankruptcy. The Bankruptcy Code mandates that the debt be discharged unless it is:

> ... to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—
> ... such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature, of alimony, maintenance, or support;

11 U.S.C. § 523(a)(5).

■ It is not disputed, and indeed it is readily apparent from the Superior Court order and the pleadings filed in this court, that the arrearage represents a liability that is actually in the nature of child support. Without further analysis, the court could conclude that the debt should be excepted from discharge.

Plaintiff relied, however, on case law beginning with *Warner v. Warner (In re Warner)*, 5 B.R. 434 (Bkrtcy.D.Utah 1980), which ultimately held that in order for a child support debt to be nondischargeable, evidence of financial need should be considered, and there should be shown a present need by the spouse and children that the debt be paid.

■ Such a conclusion is contrary to the Bankruptcy Code. The court is unaware of any situation in which the dischargeability of a debt has been determined by considering the financial needs of the parties disputing the dischargeability of the debt. The passage of time should not render a nondischargeable debt dischargeable. Otherwise it would be possible for parents to ultimately escape their support obligations. This court is in agreement with the reasoning in *Benz v. Nelson (In re Nelson)* 20 B.R. 1008, 1011, 1012 (D.C.M.D.Tenn. 1982), which reversed a lower court following *Warner, supra:*

By creating an exception to the general rule of discharge, Congress, implicitly, resolved the balancing of the very interest considered by the court below in favor of the spouse. Congress did not, in any manner, manifest an intention that the bankruptcy courts should embark upon their own balancing of these policies. [footnote omitted] Under section 523(a)(5), the bankruptcy courts are free to determine whether a debt characterized by a state court as alimony, support, or maintenance is in fact just that. Upon finding that a debt is in fact support, alimony, or maintenance, however, the bankruptcy court is not free to discharge the debt. Section 523(a)(5) states clearly that such debts are not to be discharged. Consequently, upon finding the debt to be maintenance, support, or alimony in fact, the bankruptcy court below should have excepted that portion of the debt from discharge ....

Finally, Plaintiff-Debtor's reliance on *In re Trichon,* 11 B.R. 658 (Bkrtcy.S.D.N.Y. 1981), for the proposition that child support benefits assigned to a state welfare agency are dischargeable, is misplaced. The Bankruptcy Code has since been amended to except from dischargeability debts assigned "pursuant to section 402(a)(26) of the Social Security Act. [42 U.S.C.S. § 602(a)(26) ]." 11 U.S.C. § 523(a)(5)(A) (1982).

For the foregoing reasons, the court concludes that the subject debt is nondischargeable.

An appropriate order is entered contemporaneously herewith.