**In re Robert Bruce MacDONALD, Debtor.**

**Bankruptcy No. 80–00635.**

United States Bankruptcy Court, D. Hawaii.

Aug. 8, 1984.

---

Howard Tanaka, Honolulu, Hawaii, for debtor.

Gregory P. Conlan, Honolulu, Hawaii, for Mrs. MacDonald.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: PROOF OF CLAIM FOR CHILD SUPPORT

JON J. CHINEN, Bankruptcy Judge.

Debtor filed the instant Chapter 13 proceeding on October 1, 1980. Wife of Debtor, filed a proof of claim for child support payments in the amount of $13,295.44. Debtor filed an objection on August 4, 1982, contending that payments had been made through garnishment of Debtor's military pension. Debtor suggested that the amount owing was $3,142.00. Debtor then filed a Memorandum Objecting to Proof of Claim on June 21, 1983. A hearing was scheduled for June 6, 1983 but the opposing parties submitted a stipulation of facts which was entered on July 11, 1983. Creditor filed her Memorandum in Support of Creditor's Claim on July 11, 1983.

Based on the memoranda on file and the exhibits thereto, the Court makes the following Findings of Facts and Conclusions of Law:

### FINDINGS OF FACT

1. Prior to August 2, 1960, Debtor, Husband Robert Bruce MacDonald was married to Creditor, Mary C. MacDonald (hereinafter referred to as "Mrs. Hunt").

2. On August 2, 1960, a decree of divorce was entered in the Superior Court of the State of Washington in Pierce County in *Mary C. MacDonald v. Robert B. MacDonald*, No. 142914.

3. Besides awarding Mrs. Hunt care, custody and control of the parties' children, Mr. MacDonald was also ordered in the Decree to pay Mrs. Hunt the sum of $157.10 per month for the care, support and maintenance of the children. Said payments were to continue until the children attained the age of 21 years, were emancipated or became self-supporting, whichever occured earliest.

4. Mr. MacDonald's obligation to make child support payments ended in April 1976.

5. On March 12, 1974, the Superior Court of the State of Washington in Pierce County entered its Judgment and Decree regarding delinquent child support payments. The Court found that Mr. MacDonald had failed to make requisite child support payments for the period May 1968 through March 1974 and ordered him to pay a total of $11,154.10 ($157.10 × 71 months) in delinquent child support payments.

6. Mrs. Hunt subsequently garnished Debtor MacDonald's military pension from June 1977 until the automatic stay pursuant to 11 U.S.C. § 362 took effect upon the filing of the instant bankruptcy. At that time, a total of $11,356.37 had been collected pursuant to the garnishment.

7. On October 1, 1980, Debtor MacDonald filed a petition for Chapter 13 bankruptcy.

### CONCLUSIONS OF LAW

Under Washington law, each installment of alimony or child support, when unpaid, becomes a separate judgment and bears interest from the due date. Installments of alimony or child support which accrued for more than the specified number of years before commencement of collection proceedings are banned by the statute of limitations. *Roberts v. Roberts*, 69 Wash.2d 863, 420 P.2d 864, 866 (1966). The rights and liabilities of the parties become fixed as to each installment of child support when it becomes due. *St. Germain v. St. Germain*, 22 Wash.2d 744, 757, 157 P.2d 981 (1945). Any subsequent judgment, which aggregates previously unpaid installments, does not lengthen the statute of limitations. The rationale is that although a series of past due support installments may be reduced to a single judgment, the lump-sum judgment is an ancillary proceeding to clarify the amount where there is a question as to the amount of arrearages. *Valley v. Selfridge*, 30 Wash.App. 908, 639 P.2d 225 (1982). Thus, the lump sum judgment which was entered in March 1974, which found Debtor delinquent in child support payments, clarified the amount owed but did not establish a

new date from which the statute of limitations would run. *Valley v. Selfridge, supra.*

Debtor argues that the statute of limitations bars the collection of unpaid child support accrued more than six years before the issuance of the garnishment, based on *Valley v. Selfridge, supra.* In that case, Mrs. Valley divorced Mr. Selfridge and was awarded child support. Mr. Selfridge was subsequently ordered to pay delinquent child support. The trial judge held that the Uniform Reciprocal Enforcement of Support Act (USERA) order of support did not modify the original divorce decree pursuant to the above-cited law. The appellant Court agreed, citing two Washington Statutes. The first, RCW 4.16.040, stated that an action for judgment was limited to six years. The other, a lien statute at RCW 4.56.210 provided:

> After the expiration of six years from the date of the entry of any judgment heretofore or hereafter rendered in this state, it shall cease to be a lien or charge against the estate or person of the judgment debtor, and *no suit, action or other proceeding shall ever be had on any judgment rendered in this state by which the lien or duration judgment, claim or demand, shall be extended or continued in force for any greater or longer period than six years from the date of the entry of the original judgment,* except as in RCW 4.56.225 provided. (Italics ours). *Valley v. Selfridge, supra* 639 P.2d at 228.

The court concluded that:

> Read together, these sections indicate that no action whatsoever may be taken to enforce child support arrearages after 6 years from the date they became due, even though they have been reduced to a judgment within the 6-year period. The cases support this conclusion. *Valley v. Selfridge, supra.*

■ Thus, the law may be summarized as follows: where there are past-due delinquent monthly installments for child support for a previous statute of limitation period and a timely proceeding is brought to clarify the amount to a judgment, the proceeding does not extend the time for enforcing collection of installments for the additional years.

Creditor argues that a statute of limitation provides a party a defense and not a bar to a claim, thus necessitating that a party must assert that defense. It may be waived, and is waived when a defendant defaults or when he appears and fails to interpose it as a defense. *State ex rel. Teeter v. Superior Court,* 110 Wash. 255, 188 P. 391, 392 (1920); also *Davis v. Nielson,* 9 Wash.App. 864, 515 P.2d 995 (1973).

■ In September 1979, R.C.W. 4.16.-020 [1] (Statute of Limitations) was extended to allow a ten-year time period in which to commence an action. Creditor thereby argues that the date of the bankruptcy proceeding in October 1980 tolls the statute of limitations pursuant to 11 U.S.C. § 362 (Automatic Stay) and R.C.W. 4.16.230 [2] (Limitation of Actions—Statute of limitations tolled when commencement of action stayed by injunction or statutory prohibition). Creditor therefore concludes that collection of the delinquent child support payments back to September 1969 is not barred.

---

**1.** 4.16.020  Actions to be commenced within ten years. The period prescribed in RCW 4.16.010 for the commencement of actions shall be as follows:

Within ten years:

(1) Actions for the recovery of real property, or for the recovery of the possession thereof; and no action shall be maintained for such recovery unless it appears that the plaintiff, his ancestor, predecessor or grantor was seized or possessed of the premises in question within ten years before the commencement of the action.

(2) An action upon a judgment or decree of any court of the United States, or of any state or territory within the United States, or of any territory or possession of the United States outside the boundaries thereof, or of any extraterritorial court of the United States.

**2.** 4.16.230  Statute tolled by judicial proceedings. When the commencement of an action is stayed by injunction or a statutory prohibition, the time of the continuance of the injunction or prohibition shall not be a part of the time limited for the commencement of the action.

However, the legislative history of R.C.W. 4.16.020 (Statute of Limitation) indicates that said statute only applies to judgments which have not expired before June 12, 1980.[3] Therefore, the only non-expired judgments to which the new ten-year statute applies are those payments subsequent to June 12, 1974, pursuant to the previous six-year rule. Those payments due prior to June 12, 1974 must be collected within six years.

But, in September 1979, R.C.W. 4.56.210 [4] (Cessation of lien—Extension prohibited) was also amended to increase the length of the lien period from six to ten years. The statute provides that after the expiration of ten years from the date of entry of any judgment heretofore or hereafter rendered, the judgment shall cease to be a lien or charge.

Creditor argues that the amendment of R.C.W. 4.56.210, in effect, revives those judgments entered for the period from September 1, 1969 (September 1979 minus 10 years) through June 1971 (the payment date barred by the six-year statute of limitation.) R.C.W. 4.56.210 does not specify any date from which the ten-year statute applies. However, R.C.W. 6.04.010 [5] (Execution authorized within ten years) states that the statute applies only to judgments which have not expired before June 12, 1980. The provision is identical to that which applies to R.C.W. 4.16.020 (statute of limitation). Therefore, execution is precluded from those payments due before June 12, 1974 though payments due after June 12, 1974 may be executed upon for a ten-year period.

The garnishment payments should first be applied to current support and thereafter to the oldest support obligation and the interest thereof. *Kruger v. Kruger*, 37 Wash.App. 329, 679 P.2d 961, 963 (1984). Since the garnishment commencing on June 1972 is past the date when the debtor obligation expired, the garnishment payments should first be applied to the June 1971 delinquent child support payment. The garnishment payments were $1,704.92 in 1977, $2,916.52 in 1978, $3,529.90 in 1979 and $3,205.03 in 1980, a total of $11,356.37 as stipulated by the parties. (See Payment Schedule in Exhibit I).

Pursuant to Title 11 U.S.C. § 523(a)(5), child support and alimony obligations due a former spouse or dependent child can never be discharged in bankruptcy whether the debtor filed under Chapter 7, Chapter 11 or Chapter 13. *Matter of Garrison*, 5 B.R. 256 (Bkrtcy.E.D.Michigan 1980). Under section 523(a)(5), the bankruptcy courts are free to determine whether a debt characterized by a state court as alimony, support or maintenance is in fact just that. *Benz v. Nelson (In re Nelson)* 20 B.R. 1008 (M.D.Tenn.1982).

Upon finding the debt to be maintenance, support or alimony in fact, the bankruptcy court should except that portion of the debt from the discharge. *Sheffield v. Sheffield*, 27 B.R. 504 (Bkrtcy. N.D.Ga.1983). If support payments under a decree were not made, they are still non-dischargeable and collectible by the wife after the children have reached adulthood. *In Re Rediker*, 25 B.R. 71, 76 (Bkrtcy.M.D.

3. Application—1980 c. 105: "This act shall apply to all judgments which have not expired before June 12, 1980." [1980 c. 105 § 7.) This applies to the amendments to RCW 4.16.020, 4.16.040, 4.56.190, 6.04.010, 6.32.010 and 6.32.015.

4. 4.56.210 Cessation of lien—Extension prohibited. After the expiration of ten years from the date of the entry of any judgment heretofore or hereafter rendered in this state, it shall cease to be a lien or charge against the estate or person of the judgment debtor, and no suit, action or other proceeding shall ever be had on any judgment rendered in this state by which the lien or

duration of such judgment, claim or demand, shall be extended or continued in force for any greater or longer period than ten years from the date of the entry of the original judgment.

5. 6.04.010 Execution authorized within ten years. The party in whose favor a judgment of a court of record of this state has been, or may hereafter be, rendered, or his assignee may have an execution issued for the collection or enforcement of the same at any time within ten years of rendition thereof.

Tenn.1982), citing *Hylek v. Hylek*, 148 F.2d 300 (7th Cir.1945).

Debtor herein has not objected that the payments required were for maintenance, support or alimony in fact. The debt is thus now held non-dischargeable.

▮▮▮▮▮ Thus, the mere filing of the debtor's petition does not automatically stay enforcement of the child support nor the accrual of interest. Applying the appropriate interest rate (8% after 1969, 10% after June 12, 1980, R.C.W. 4.56.110) to the outstanding principal and accrued interest, Debtor owed a total of $13,365.65 prior to commencement of garnishment (May 1977). When the Debtor's garnishments were used to offset the balance of delinquent support payments through November 1980, the remaining balance as of that date was $4,776.55. (See Exhibit I). Therefore, that $4,776.55 is non-dischargeable pursuant to § 523(a)(5) of the Bankruptcy Code.

An order will be signed upon presentment.

EXHIBIT I